IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NYEISHA S. GHEE,

    Plaintiff,

v.                                                Civil Action No.: 3:25-cv-17-RCY

PINETREE APARTMENTS, LLC,

    Defendant.

**PINETREE APARTMENTS, LLC'S ANSWER TO PLAINTIFF'S
<u>AMENDED COMPLAINT</u>**

Defendant, Pinetree Apartments, LLC ("Pinetree" or "Defendant"), by counsel, for its Answer to the Plaintiff's Amended Complaint, states as follows:

**I.   <u>INTRODUCTION</u>**

1. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 1, and thus denies same and calls for strict proof thereof.

2. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 2, and thus denies same and calls for strict proof thereof.

3. Admitted there was a work order before Plaintiff moved in to fix the locking mechanism on the sliding glass doors. Defendant denies the remaining allegations in Paragraph No. 3.

4. Defendant denies the allegations pertaining to Pinetree in Paragraph No. 4. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 4, and thus denies same and calls for strict proof thereof.

5. Denied. Defendant specifically calls for strict proof of Exhibit 1.

6. Defendant admits that Plaintiff sustained burn injuries on the day of the Incident. Defendant denies all allegations of negligence and liability. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 6, and thus denies same and calls for strict proof thereof. Defendant specifically calls for strict proof of each and every element of damages claimed.

7. The allegations in Paragraph No. 7 do not call for a response from Defendant. Defendant specifically calls for strict proof of Exhibit 2.

8. Defendant admits that Plaintiff sustained burn injuries on the day of the Incident. Defendant calls for strict proof of Exhibits 3 and 4. Defendant also calls for strict proof of each and every element of damages claimed.

## II. JURISDICTION

9. Admitted.

10. Admitted.

## III. VENUE

11. Admitted.

12. Admitted.

## IV. PARTIES

13. Admitted that Plaintiff is a resident of Virginia. Admitted that Mark Ghee died at the time of the fire. By information and belief, admitted that Plaintiff has two remaining sons, Elijah and Joshua. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph No. 13, and thus denies same and calls for strict proof thereof. Defendant specifically calls for strict proof of each and every element of damages claimed.

I-2894897.1

14.     Admitted that from December 21, 2011, until after the alleged fire, Defendant owned the Pinetree Apartments, which had 144 units.[1]

## V.  FACTS

### The Initial Lease

15.     Admitted.

16.     Defendant asserts that Exhibit 5 and Exhibit 6 speak for themselves. To the extent the allegations in Paragraph No. 16 are contrary to Exhibit 5 and Exhibit 6, they are denied.[2]

17.     Defendant asserts that Exhibit 5 and Exhibit 6 speak for themselves. To the extent the allegations in Paragraph No. 17 are contrary to Exhibit 5 and Exhibit 6, they are denied. Additionally, certain allegations in Paragraph No. 17 call for legal conclusions, which do not require a response from Defendant, but if a response is required, Defendant denies same and calls for strict proof thereof.

18.     Defendant asserts that Exhibit 5 and Exhibit 6 speak for themselves. To the extent the allegations in Paragraph No. 18 are contrary to Exhibit 5 and Exhibit 6, they are denied. Additionally, certain allegations in Paragraph No. 18 call for legal conclusions, which do not require a response from Defendant, but if a response is required, Defendant denies same and calls for strict proof thereof.

### Pinetree and the Layout of Apartment G8

19.     Admitted.

20.     Admitted, except that Building G had 8 units.

---

[1] The allegations in Footnote No. 1 do not call for a response from Defendant.

[2] The allegations in Footnote No. 2 do not require a response from Defendant.

I-2894897.1

    a. Admitted, except Building G had 4 units on the ground level and 4 units on the upper level.

    b. Admitted, except Building G only had 8 units.

21. Plaintiff does not provide sufficient information and context on the creation of Exhibit 7. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph No. 21, and thus denies same and calls for strict proof thereof. Defendant specifically calls for strict proof of Exhibit 7.

22. Admitted that Apartment G8 was on the first floor of Building G and contained two bedrooms. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph No. 22, and thus denies same and calls for strict proof thereof. Plaintiff also does not provide sufficient information and context on the creation of Exhibit 7, and Defendant specifically calls for strict proof of Exhibit 7.

23. Admitted.

24. Admitted.

25. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 25, and thus calls for strict proof thereof.[3]

26. Admitted.

27. Admitted.

## Termite infestation and water deterioration of the Sliding Glass Door's supporting wood framing

28. Denied.

29. Denied.

## Work orders were completed the day before Ms. Ghee moved in

---

[3] The allegations in Footnote No. 3 do not require a response from Defendant.

30. Admitted.

31. Defendant asserts that Exhibit 8 speaks for itself. To the extent the allegations in Paragraph No. 31 are contrary to Exhibit 8, they are denied. Defendant specifically calls for strict proof of Exhibit 8.

32. Defendant asserts that Exhibit 9 speaks for itself. To the extent the allegations in Paragraph No. 32 are contrary to Exhibit 9, they are denied. Defendant specifically calls for strict proof of Exhibit 9.[4]

33. Defendant asserts that Exhibit 10 speaks for itself. To the extent the allegations in Paragraph No. 33 are contrary to Exhibit 10, they are denied. Defendant specifically calls for strict proof of Exhibit 10.

34. Admitted that repairs to the locking mechanism of the sliding door would necessarily have involved sliding the door. The remaining allegations in Paragraph No. 34 are denied.

35. Admitted that Defendant did not complete any repair work on the sliding glass door after May 31, 2022. Defendant lacks sufficient information regarding whether Plaintiff completed work on the subject door. The remaining allegations in Paragraph No. 35 are denied.

36. Denied.

### Applicable maintenance and building codes

37. The allegations in Paragraph No. 37 call for legal conclusions to which no response is required. To the extent a response is required, the Virginia Uniform Statewide Building Code

---

[4] Defendant lacks sufficient information to admit or deny the allegations in Footnote No. 4 and thus denies same and calls for strict proof thereof.

("VUSBC") speaks for itself. Defendant denies all remaining allegations and calls for strict proof thereof.

38. The allegations in Paragraph No. 38 call for legal conclusions to which no response is required. To the extent a response is required, the VUSBC and the Building Officials and Code Administrators ("BOCA") family of codes speak for themselves. Defendant denies all remaining allegations and calls for strict proof thereof.

39. The allegations in Paragraph No. 39 call for legal conclusions to which no response is required. To the extent a response is required, the VUSBC and BOCA codes speak for themselves. Defendant denies all remaining allegations and calls for strict proof thereof.

40. The allegations in Paragraph No. 40 call for legal conclusions to which no response is required. To the extent a response is required, the VUBSBC, 2021 Virginia Property Maintenance Code, and 2021 International Property Maintenance Code speak for themselves. Defendant denies all remaining allegations and calls for strict proof thereof.

**Pinetree violated numerous health, safety, and welfare codes**

41. The allegations in Paragraph No. 41 call for legal conclusions to which no response is required. To the extent a response is required, the 2021 Virginia Property Maintenance Code speaks for itself. Defendant denies all remaining allegations and calls for strict proof thereof. Defendant specifically calls for strict proof of Exhibit 11.

42. The allegations in Paragraph No. 42 call for legal conclusions to which no response is required. To the extent a response is required, the VUSBC and BOCA codes speak for

I-2894897.1

themselves. Defendant denies all remaining allegations and calls for strict proof thereof. Defendant specifically calls for strict proof of Exhibit 13.[5]

### The Sliding Glass Door

43. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 43 as the terms "damp," "sloped," "boggy or swampy," and "wooden area" are undefined and not specify a relevant time. To the extent a response is required, Defendant denies same and calls for strict proof thereof.

44. Denied.

45. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 45, and thus denies same and calls for strict proof thereof.

46. Paragraph No. 46 does not call for a response from Defendant. To the extent a response is required, Defendant denies same and calls for strict proof thereof. Defendant specifically calls for strict proof of Exhibit 14.

### Pinetree said nothing during Ms. Ghee's walk-through of Apartment G8

47. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 47 and thus denies same and calls for strict proof thereof.

48. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 48 and thus denies same and calls for strict proof thereof.

49. Denied.

---

[5] Footnote No. 5 calls for legal conclusions to which no response is required. To the extent a response is required, Defendant asserts that the 1993 Virginia Uniform Statewide Building Code speaks for itself. Defendant specifically calls for strict proof of Exhibit 12.

50. The allegations in Paragraph No. 50 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and calls for strict proof thereof.

51. The Amended Complaint does not identify the "authority" referenced in Paragraph No. 51 with the specificity necessary for Defendant to respond. The allegations contained in this Paragraph call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and calls for strict proof thereof.

52. The Amended Complaint does not identify the "authority" referenced in Paragraph No. 52 with the specificity necessary for Defendant to respond. The allegations contained in this Paragraph call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and calls for strict proof thereof.

53. The Amended Complaint does not identify the "authority" referenced in Paragraph No. 53 with the specificity necessary for Defendant to respond. The allegations contained in this Paragraph call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and calls for strict proof thereof.

54. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 54 and thus denies same and calls for strict proof thereof.

55. Denied.

56. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 56 and thus denies same and calls for strict proof thereof.

57. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 57 and thus denies same and calls for strict proof thereof.

58. Defendant asserts that an oral request for maintenance work was insufficient under the lease to constitute a request for repair work. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 58 and thus denies same and calls for strict proof thereof.

59. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 59 and thus denies same and calls for strict proof thereof.

### The Fire

60. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 60 and thus denies same and calls for strict proof thereof.

61. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 61 and thus denies same and calls for strict proof thereof.

62. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 62 and thus denies same and calls for strict proof thereof.

63. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 63 and thus denies same and calls for strict proof thereof.

64. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 64 and thus denies same and calls for strict proof thereof.

65. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 65 and thus denies same and calls for strict proof thereof.

66. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 66 and thus denies same and calls for strict proof thereof.

67. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 67 and thus denies same and calls for strict proof thereof.

I-2894897.1

68. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 68 and thus denies same and calls for strict proof thereof.

69. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 69 and thus denies same and calls for strict proof thereof.

70. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 70 and thus denies same and calls for strict proof thereof.

71. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 71 and thus denies same and calls for strict proof thereof.

72. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 72 and thus denies same and calls for strict proof thereof.

73. The allegations in Paragraph No. 73 do not call for a response from this Defendant. To the extent a response is required, Defendant denies same and calls for strict proof thereof. Defendant specifically calls for strict proof of Exhibit 15.

## Hospitalizations

74. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 74 and thus denies same and calls for strict proof thereof. Defendant specifically calls for strict proof of each and every element of damages claimed.

75. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 75 and thus denies same and calls for strict proof thereof. Defendant specifically calls for strict proof of each and every element of damages claimed.

76. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 76 and thus denies same and calls for strict proof thereof. Defendant specifically calls for strict proof of each and every element of damages claimed.

77. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 77 and thus denies same and calls for strict proof thereof. Defendant specifically calls for strict proof of each and every element of damages claimed.

### Going forward

78. Defendant lacks sufficient information to admit or deny the allegations in Paragraph No. 78 and thus denies same and calls for strict proof thereof.

VI.   **COUNTS**

### Count 1

### Common Law Fraud

79. Defendant reasserts and incorporates by reference its responses and denials to each of the preceding Paragraphs of the Amended Complaint as if fully set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied, including denied as to subparts (a) – (e).

### Count 2

### Concealment of a Latent Defect

86. Defendant reasserts and incorporates by reference its responses and denials to each of the preceding Paragraphs of the Amended Complaint as if fully set forth herein.

87. Denied.

88. Denied.

89. Denied.

I-2894897.1

90. Denied.

91. Denied.

92. Denied, including denied as to subparts (a) – (e).

## Count 3

### Failure to Maintain the Inside of the Back Wall of the Primary Bedroom, An Area in Pinetree's Control

93. Defendant reasserts and incorporates by reference its responses and denials to each of the preceding Paragraphs of the Amended Complaint as if fully set forth herein.

94. Denied.

95. Denied.

96. Denied.

97. Denied, including denied as to subparts (a) – (e).

98. All allegations herein not expressly admitted are hereby denied.

99. Defendant denies that plaintiff is entitled to any of the relief requested in the prayers for relief set forth in the Amended Complaint.

100. Defendant denies all alleged liability and damages, and thus calls for strict proof thereof.

### AFFIRMATIVE DEFENSES, SPECIAL PLEAS, AND OTHER DEFENSES

1. Defendant hereby adopts and incorporates its Motion to Dismiss Plaintiff's Amended Complaint, simultaneously filed herewith, as if fully stated herein.

2. Defendant asserts that Plaintiff has failed to state a claim, or facts in support of a claim, for willful or wanton negligence and/or punitive damages.

3. Defendant asserts that Plaintiff's claims are barred by the doctrine of contributory negligence, including but not limited to failing to maintain the apartment in a safe condition and

failing to inspect the apartment when she took possession of it and at various times throughout her tenancy.

4.      Defendant asserts that Plaintiff's claims are barred by the doctrine of assumption of the risk, including but not limited to failing to maintain the apartment in a safe condition and failing to inspect the apartment when she took possession of it and at various times throughout her tenancy.

5.      Defendant reserves the right to raise any defenses, affirmative defenses, or special pleas about which it becomes aware during discovery or at the trial of this matter, and therefore, reserves the right to amend its responsive pleadings.

WHEREFORE, the defendant, Pinetree Apartments, LLC., by counsel, respectfully prays that this Court dismiss Plaintiff's lawsuit with prejudice and grant such other and further relief as it may deem appropriate.

This 28th Day of March, 2025.

Respectfully submitted,

**PINETREE APARTMENTS, LLC**

By:    */s/ Joseph P. Moriarty*
Joseph P. Moriarty (VSB No. 68465)
Kevin M. Kennedy (VSB No. 75071)
Bryn L. Clegg (VSB No. 96923)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
jmoriarty@wilsav.com
kkennedy@wilsav.com
bclegg@wilsav.com
*Counsel for Defendant*

I-2894897.1

**CERTIFICATION**

      I hereby certify that on this 28th day of March, 2025, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      Charles H Cuthbert, Jr. (VSB No. 14519)
      Richard M. Cuthbert (VSB No. 82025)
      Cuthbert Law Offices, P.C.
      220 North Sycamore Street
      Petersburg, VA 23803-3228
      Telephone: 804-733-3100
      Facsimile: 804-732-4658
      ccuthbert@cuthbertlaw.com
      rcuthbert@cuthbertlaw.com

      Mark J. Krudys (VSB No. 30718)
      Daniel Guinnane Zemel (VSB No. 95073)
      The Krudys Law Firm, PLC
      Truist Place
      919 East Main Street, Suite 2020
      Richmond, VA 23219
      Telephone: 804-774-7950
      Facsimile: 804-381-4458
      mkrudys@krudys.com
      dzemel@krudys.com

      *Counsel for Plaintiff*

      */s/ Joseph P. Moriarty*
      Joseph P. Moriarty (VSB No. 68465)
      Kevin M. Kennedy (VSB No. 75701)
      Bryn L. Clegg (VSB No. 96923)
      WILLCOX & SAVAGE, P.C.
      440 Monticello Avenue, Suite 2200
      Norfolk, Virginia 23510-2243
      Telephone: (757) 628-5500
      Facsimile: (757) 628-5566
      jmoriarty@wilsav.com
      kkennedy@wilsav.com
      bclegg@wilsav.com
      *Counsel for Defendant Pinetree Apartments, LLC*

I-2894897.1