IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NYEISHA S. GHEE,

    Plaintiff,

v.                                      Civil Action No.: 3:25-cv-17-RCY

PINETREE APARTMENTS, LLC,

    Defendant.

## **PARTIES' JOINT STIPULATION ON DISCOVERY**

Pursuant to Rule 29 of the Federal Rules for Civil Procedure, the plaintiff Nyeisha S. Ghee ("Plaintiff"), by counsel, and the defendant, Pinetree Apartments, LLC ("Pinetree" or "Defendant"), by counsel, hereby submit this Joint Stipulation on Discovery.

### **Procedural History**

1. Plaintiff filed her Complaint with the Petersburg Circuit Court on December 19, 2024, which was thereafter removed to this Court on January 13, 2025 (ECF No. 1).

2. Pinetree filed a Partial Motion to Dismiss Plaintiff's Complaint on January 21, 2025 (ECF Nos. 5-6).

3. On March 7, 2025, Plaintiff filed her Amended Complaint (ECF No. 24).

4. On March 28, 2025, Pinetree filed a Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF Nos. 26-27) and Answer (ECF No. 28).

5. On April 16, 2025, Plaintiff filed an Opposition to Pinetree's Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 31).

6. On April 25, 2025, Pinetree filed a Reply in Support of its Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 32).

7. The Court has not yet issued a ruling on Pinetree's Partial Motion to Dismiss Plaintiff's Amended Complaint.

8. No Rule 16(b) scheduling conference has yet been scheduled with the Court.

9. The Parties have not held a Rule 26(f) conference, which is generally held 21 days before the Rule 16(b) scheduling conference.

**Stipulation and Agreement on Discovery**

The Parties have briefed Pinetree's Partial Motion to Dismiss Plaintiff's Amended Complaint, which has not yet been ruled upon by the Court. The Parties anticipate that the Plaintiff's allegations in the Amended Complaint, and Pinetree's defenses, will require significant factual and expert discovery. In recognition of the United States District Court for the Eastern District of Virginia's reputation as the "Rocket Docket," and with a desire to move forward with the discovery in this matter, the Parties hereby stipulate and agree to open discovery before the Rule 16(b) scheduling conference in accordance with Fed. R. Civ. P. 29.

By filing this Stipulation, Pinetree does not waive any arguments made in its Partial Motion to Dismiss Plaintiff's Amended Complaint, and Plaintiff does not waive any defenses to same. The Parties agree if this Court were to grant Pinetree's Partial Motion to Dismiss Plaintiff's Amended Complaint, at least Count III would continue. The Parties agree that discovery as to Count III is therefore appropriate before the Court rules upon the Partial Motion to Dismiss.

Counsel agree that discovery would be conducted to the full extent permitted by the Federal Rules of Civil Procedure and the law interpreting those Rules. Counsel agrees that to the extent electronically stored information is discoverable, it will be produced in PDF format unless otherwise requested by a party. The parties do not believe that any changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of

I-2919144.1

the Eastern District of Virginia, except as otherwise stated below. This Stipulation and Agreement shall open the following avenues of discovery:

1. <u>Initial Disclosures</u>, as required by Rule 26(a)(1), which the Parties have agreed to exchange by **Friday, June 6, 2025**.

2. <u>Written Discovery</u>, including Interrogatories, Requests for Production, and Requests for Admission. The following modifications shall apply:

   a. The Parties hereby waive the requirement under Local Rule 26(C) that objections to discovery must be served within fifteen (15) days of service. Objections shall be due along with the responses when served.

   b. Parties will make good-faith efforts to respond to written discovery requests within thirty (30) days. If an extension is requested, counsel will not unreasonably withhold consent as long as extensions would not interfere with dates set by the court for completing discovery, for hearing of a motion, or for trial, as required under Rule 29(b).

3. <u>Depositions.</u> Counsel foresee that more than the allotted ten (10) depositions per side, as permitted under Fed. R. Civ. P. Rule 30(a)(2)(A)(i), will be required. Counsel hereby stipulate under Rule 30(a)(2)(A) that additional depositions will be required, and they will not oppose the reasonable request of the opposing party to take depositions above and beyond this number. Because numerous depositions will be required, which may become difficult to coordinate between the many attorneys' calendars, the parties agree to have a scheduling conference between themselves as soon as practicable to decide on deposition dates to hold, with the conference to occur no later than mid-July 2025.

4. <u>Subpoenas</u> may be issued by both parties, without modification at this time to Fed. R. Civ. P. 45 and other applicable rules.

I-2919144.1

5.	<u>Expert Depositions</u>: The parties hereby express their intent to take the depositions of each parties' disclosed experts. The parties will agree to save the dates for such depositions ahead of (or at the very least, no later than) the parties' respective expert disclosure dates.

**6.**	<u>Privilege</u>: This parties do not currently foresee the need to establish specific privilege rules in this case, but otherwise retain all privileges afforded them under the Rules of the Supreme Court of Virginia, the Federal Rules of Civil Procedure, the federal common law of privilege, the Virginia substantive privilege law, as well as all applicable case law, including but not limited to attorney-client privilege, attorney-expert privilege, work product doctrine, common interest privilege, joint defense privilege, as well as information or materials prepared, generated or obtained in anticipation of or during the course of litigation or in preparation for trial or to be used solely for impeachment purposes. The parties agree that any accidental production of privileged information shall be subject to claw-back (i.e., return to the producing party) upon reasonable discovery and notice to the opposing party.

7.	<u>Protective Order</u>: Counsel for Defendant foresees the need for a protective order in this case and will submit the same to the Court for consideration, potential argument, and entry. Until a Protective Order is entered, the Parties agree to take all reasonable measures to protect confidential information as if a Protective Order were in force.

The parties agree that they will engage in good faith efforts to resolve discovery disputes before requesting resolution by the Court.

WHEREFORE, the Parties jointly and respectfully request that this Court permit the parties to proceed with discovery as outlined above.

This 27th Day of May, 2025.

Respectfully submitted,

**PINETREE APARTMENTS, LLC**

By:   */s/ Bryn L Clegg*
     Joseph P. Moriarty (VSB No. 68465)
     Kevin M. Kennedy (VSB No. 75071)
     Bryn L. Clegg (VSB No. 96923)
     WILLCOX & SAVAGE, P.C.
     440 Monticello Avenue, Suite 2200
     Norfolk, Virginia 23510-2243
     Telephone: (757) 628-5500
     Facsimile: (757) 628-5566
     jmoriarty@wilsav.com
     kkennedy@wilsav.com
     bclegg@wilsav.com
     *Counsel for Defendant*
     *Pinetree Apartments, LLC*

**CERTIFICATION**

      I hereby certify that on this 27th day of May, 2025, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      Charles H Cuthbert, Jr. (VSB No. 14519)
      Richard M. Cuthbert (VSB No. 82025)
      Cuthbert Law Offices, P.C.
      220 North Sycamore Street
      Petersburg, VA 23803-3228
      Telephone:  804-733-3100
      Facsimile:  804-732-4658
      ccuthbert@cuthbertlaw.com
      rcuthbert@cuthbertlaw.com

      Mark J. Krudys (VSB No. 30718)
      Daniel Guinnane Zemel (VSB No. 95073)
      The Krudys Law Firm, PLC
      Truist Place
      919 East Main Street, Suite 2020
      Richmond, VA 23219
      Telephone:  804-774-7950
      Facsimile:  804-381-4458
      mkrudys@krudys.com
      dzemel@krudys.com

      *Counsel for Plaintiff*


      */s/ Bryn L Clegg*
      Joseph P. Moriarty (VSB No. 68465)
      Kevin M. Kennedy (VSB No. 75701)
      Bryn L. Clegg (VSB No. 96923)
      WILLCOX SAVAGE, P.C.
      440 Monticello Avenue, Suite 2200
      Norfolk, Virginia 23510-2243
      Telephone: (757) 628-5500
      Facsimile: (757) 628-5566
      jmoriarty@wilsav.com
      kkennedy@wilsav.com
      bclegg@wilsav.com
      *Counsel for Defendant*
      *Pinetree Apartments, LLC*