IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NYEISHA S. GHEE,<br>　　　Plaintiff,<br><br>　　　v.<br><br>PINETREE APARTMENTS, LLC,<br>　　　Defendant. | )<br>)<br>)<br>)   Civil Action No. 3:25CV17 (RCY)<br>)<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on the parties' Joint Motion for Entry of Proposed Protective Order (ECF No. 35). Therein, the parties state that they may be required to produce or disclose confidential documents in the course of discovery, and that such disclosure without reasonable restriction on its use may cause harm, damage, loss, or the invasion of personal privacy to the producing party or to others. Thus, the parties request a Protective Order to facilitate the orderly and cost-effective discovery of relevant information. Considering the parties' joint request, and for otherwise good cause shown, the Court GRANTS the parties' Joint Motion for Entry of Proposed Protective Order (ECF No. 35) and the proposed terms therein. These terms are reiterated below.

**PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS**

1. Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document or thing, or portion of any document or thing that contains tax filings, financial information, personal medical information, employee personnel files, or proprietary business information defined as commercially valuable information that a party has taken reasonable steps to maintain as confidential from the public or business competitors. Examples of proprietary information would

include trade secrets, internal financial information, customer lists, marketing plans and/or business strategies (*e.g.*, documents relating to sale of the property in question and Defendant's general portfolio of properties), or original training programs; and that the producing party believes in good faith to be entitled to protection under the terms of this Protective Order.

2. Any party to this litigation or any third party covered by this Protective Order, who produces or discloses any purported "Confidential" material, including without limitation any information, document, thing, interrogatory answer, admission, pleading or testimony, shall mark the same with the following or similar legend:

**"CONFIDENTIAL – Subject to Protective Order"** (herein "Confidential");

If a party produces a Confidential document in native format, the native file shall be renamed to include the confidentiality designation or be designated as such in an equally clear fashion.

3. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraphs 4 and 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and the in-house legal departments and risk management departments for the parties.

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and court personnel, subject to the requirements set forth below in Paragraph 9;

    e. Any deponent during the course of a deposition may be shown or examined on any information, document or thing designated Confidential, provided the witness has signed a non-disclosure agreement in the form attached hereto as Exhibit A; or in the event the witness has not signed the non-disclosure agreement that the witness not be permitted to retain any confidential document after the deposition has been concluded.

    f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

    g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives or other personnel who are required to participate in decisions with reference to this lawsuit.

    h. Mock jurors, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

5. Confidential material shall be used only by individuals permitted access to it under Paragraphs 3 and 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, a party shall have until twenty-one (21) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential material, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 4 and 5 above and the deponent during these twenty-one (21) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other

than those described in Paragraphs 3 and 4 above during said twenty-one (21) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall cause those portions of each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of those portions of the transcript in accordance with Paragraphs 2, 3, and 4.

      7.    If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.

    b. Counsel for the designating party or third party shall respond in writing to such objection within twenty-one (21) days, and shall state with particularity the grounds for asserting that the document or information is Confidential.

    c. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    d. If a dispute as to the Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court in accordance with the applicable Federal Rules of Civil Procedure.

The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

    Any party wishing to submit any Confidential material to the Court (the "Submitting Party") must ensure that the Confidential material is filed under seal and all requests to seal documents filed with the Court shall comply with the applicable rules. The Submitting Party will note that the filed document has been marked as Confidential, but it is ultimately the responsibility of the party who made the designation to argue for Confidential Treatment.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

9. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

10. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

11. Where a disclosing party in good faith determines that confidential material is so highly sensitive that it requires a heightened level of protection, the parties may meet and confer to determine if this Protective Order should be amended to include a provision for marking documents as "Confidential / Attorneys' Eyes Only."

12. Not later than 120 days after conclusion of this litigation and any appeal related to it, any Confidential material, all reproductions of such Confidential material in the possession of any of the persons specified in Paragraphs 3 and 4 shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such Confidential material has

been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy such Confidential material, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential material.

      The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

      It is so ORDERED.

                                              /s/
                                      Roderick C. Young

Date: September 17, 2025                    United States District Judge
Richmond, Virginia