UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NYEISHA S. GHEE,

    Plaintiff,

v.

                              Civil Action No.: 3:25-cv-17-RCY

PINETREE APARTMENTS, LLC,

    Defendant.

### *AMENDED* MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE AMENDED COMPLAINT

COMES NOW Plaintiff Nyeisha S. Ghee, by counsel, and for her Amended Memorandum in Support of her Motion for Leave to Amend the Amended Complaint, states as follows:

### Summary

Late in the afternoon on Friday, October 3, 2025, Defendant Pinetree Apartments, LLC produced approximately 3,000 pages of documents, voicemail complaints from tenants, and videos related to the issues raised by the Plaintiff in this case. This production on October 3 roughly doubled the documents previously provided by the Defendant. It included dozens of instances since 2019 where outside contractors identified significant damage above and around patio sliding glass doors. The contractors frequently found rotten wood, including jack studs (vertical supports) and the wooden framing above the doors. Often, the deterioration was so extensive that complete replacement was necessary. Plaintiff's counsel promptly began reviewing and analyzing the materials. On the following Monday, October 6, 2025, after informing Defendant Pinetree of her intent, Plaintiff filed a motion for leave to amend her Amended Complaint and submitted a proposed Second Amended Complaint ("SAC") with 33 exhibits, including affidavits and attachments by experts in termites and construction. (ECF Nos 37 and 38-1). Yesterday, Pinetree

informed Plaintiff that it would not consent to the filing of the SAC. In light of Defendant Pinetree's response, Plaintiff files this Amended Memorandum in support of her motion for leave to file the SAC. As noted more fully below, the SAC contains approximately 100 new facts that materially impact Plaintiff's assertions, and Plaintiff immediately sought leave to amend after receiving the new evidence. Plaintiff's motion is supported by Federal Rule of Civil Procedure Rule 15(a)'s admonition that leave to amend is liberally granted, the SAC's reference to numerous new facts supporting Plaintiff's assertions, and the absence of any recognized grounds to object.

## Procedural History

After the matter was removed to federal court (ECF No. 1, Notice of Removal), Defendant Pinetree immediately filed a partial motion to dismiss. (ECF No. 5). Plaintiff sought leave to file an amended complaint. (ECF No. 21). Defendant Pinetree consented to Plaintiff's motion, with the understanding that Pinetree would be granted an extended period to file responsive pleadings. An Order was entered by the Court incorporating those terms. (ECF No. 23).

On March 7, 2025, Plaintiff filed her Amended Complaint. (ECF No. 24). Thereafter, Defendant filed a partial motion to dismiss, which challenged some, but not all, of the Plaintiff's assertions. (ECF No. 26). The parties then agreed to commence discovery and forwarded a Joint Stipulation on Discovery to the Court. (ECF No. 33).

On June 2, 2025, the parties made their Initial Disclosures and Plaintiff served document requests and interrogatories upon the Defendant.

Thereafter, the parties communicated numerous times (via letters, emails, and Zoom calls) concerning discovery issues.

Defendant Pinetree produced documents on a rolling basis, but documents and other media were most prominently produced on July 10, 2025 (documents Bates Nos. 1-1576), August 13

2

(Bates Nos. 1577-1762), September 12 (Bates Nos. 1763-2343), and October 3 (Bates Nos. 2344-5241, voicemail messages, and videos). The most relevant productions were the initial July 10 production and the latest October 3 production.

Plaintiff's counsel quickly recognized the significant evidence presented by Pinetree on October 3. Counsel promptly moved to include the new facts in the proposed SAC. By early Monday afternoon, October 6, Plaintiff's counsel had reviewed the new documents and media, organized the evidence, incorporated it into an amended complaint, emailed Pinetree's counsel multiple times to inform them of her plan to seek leave to amend, and then filed her SAC with 33 exhibits and about 100 new sources of evidence cited. Among other things, documents received on October 3 revealed dozens of instances where outside contractors identified rotten wood, including jack studs (vertical supports) and the wooden framing above sliding glass doors. Often, the deterioration was so extensive that complete replacement was necessary.

Additionally, Plaintiff asserts in the SAC that the previous occupant of Ms. Ghee's apartment (Unit G8) had reported extensive termite activity and damage to Pinetree. The tenant observed and reported termite damage above the sliding glass doors in both bedrooms. She also identified and reported termite damage to the beams supporting G7's wooden patio deck (the deck above G8's patio). However, instead of replacing the rotten jack stud and wood above the sliding glass door in the Primary Bedroom and replacing the sliding glass door assembly, Pinetree and its agent, South Oxford Management, LLC ("South Oxford"), painted over the finished wood trim of the sliding door to hide the holes caused by termites, preventing Ms. Ghee from noticing the damage. Ms. Ghee was unaware of the severe damage to the wooden framing that surrounded and supported the sliding glass door.  Additionally, this area was solely the responsibility of Pinetree and its agent, South Oxford.

By filing this amendment to its Memorandum, Plaintiff is not prejudicing the other side,[1] nor ignoring any deadline. The Plaintiff observes that her combined memoranda do not exceed the 30-page limit. Indeed, the two documents total eight pages.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. Following that command, "[i]t is [the Fourth] Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter,* 591 F.3d 724, 729 (4th Cir. 2010) (citation omitted).

A district court should deny leave to amend only "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). The proposed SAC is submitted in good faith, is not prejudicial to Defendant Pinetree, and is not futile.

The proposed SAC is being submitted in good faith to incorporate facts learned recently in discovery, to assert a claim under the Virginia Consumer Protection Act, and to raise the ad damnum, which is strongly indicated by the newly learned facts. Plaintiff's claims are not futile. Plaintiff expects to prevail at trial on these new allegations, which resulted in horrific injuries to Ms. Ghee.

Whether allowing leave to amend would be prejudicial "will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Here,

---

[1] Plaintiff believes that Defendant Pinetree's Memorandum in Opposition to Plaintiff's Motion should properly be due 14 days following the filing of this Memorandum and will offer no timeliness objection to any filing so made.

discovery is proceeding upon the stipulation of the parties. The Rule 16 conference has not been held, and no depositions have been taken yet. Thus, Defendant Pinetree will have ample time to conduct discovery with regard to the new facts contained in the proposed SAC. Therefore, the SAC will not prejudice Defendant Pinetree.

"A proposed amendment is futile when it is 'clearly insufficient or frivolous on its face' or 'the claim it presents would not survive a motion to dismiss.'" *Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) and *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)). The new facts asserted in the SAC further buttress Plaintiff's claims, including her fraud claims. In addition, courts often choose to address futility arguments in the context of motions to dismiss instead of in the context of a motion to amend. *See Taylor v. Revature LLC*, No. 1:22-cv-1153, 2024 U.S. Dist. LEXIS 156859, *2-4 (E.D. Va. Aug. 30, 2024) (making such a determination and discussing other courts doing the same).

Lastly, the Supreme Court has also ruled that leave to amend may be denied if there is "undue delay, bad faith or dilatory motive" on the part of the Plaintiff. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff has not unduly delayed or acted in bad faith. As noted above, Plaintiff has brought the proposed SAC before the Court as quickly as she could after receiving this new production of documents.

Granting Plaintiff leave to amend at this stage of the litigation would not cause prejudice to Defendant Pinetree, Plaintiff has not acted in bad faith, and the proposed SAC would not be futile. Consistent with the Fourth Circuit's policy of liberally granting leave to amend, Plaintiff seeks to amend her Amended Complaint.

**Conclusion**

Plaintiff respectfully requests that the Court grant her Motion for Leave to Amend the Amended Complaint, rule Defendant's Partial 12(b)(6) Motion to Dismiss Plaintiff's Claim to be rendered moot, and grant such other and further relief that the Court may deem just and proper.

Respectfully submitted,

NYEISHA S. GHEE


By:  */s/ Mark Krudys*
           Counsel

Charles H. Cuthbert, Jr. (VSB # 14519)
Richard M. Cuthbert (VSB # 82025)
Cuthbert Law Offices
A Professional Corporation
220 North Sycamore Street
Petersburg, Virginia 23803-3228
(804) 733-3100
Fax #: (804) 732-4658
ccuthbert@cuthbertlaw.com
rcuthbert@cuthbertlaw.com

Mark J. Krudys (VSB#30718)
Daniel Zemel (VSB#95073)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA, 23219
Phone: (804) 774-7950
Fax:    (804) 381-4458
Email: mkrudys@krudys.com; dzemel@krudys.com
*Counsel for Plaintiff*

**<u>Certificate of Service</u>**

I hereby certify that on this 15th day of October 2025, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

    <u>/s/ Mark J. Krudys</u>
Mark J. Krudys (VSB# 30718)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, Virginia 23219
804.774.7950 Phone
804.381.4458 Fax
mkrudys@krudys.com
*Counsel for Plaintiff*