UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NYEISHA S. GHEE,

      Plaintiff,

v.                                                            Civil Action No.: 3:25-cv-17-RCY

PINETREE APARTMENTS, LLC,

      Defendant.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

In support of her Motion for Leave to file her Third Amended Complaint, Plaintiff Nyeisha S. Ghee ("Ms. Ghee") states as follows:

Since Defendant Pinetree Apartments LLC ("Pinetree") removed this case to federal court on January 13, 2025, the parties have conducted significant discovery in this matter. That discovery has included the production of thousands of pages of documents and depositions of certain persons affiliated with Pinetree. This discovery has yielded considerable new evidence—evidence that not only bolsters Ms. Ghee's original claims but also establishes that entities other than Pinetree bear responsibility for the harms she has suffered. Given the import of this recently discovered evidence, Ms. Ghee thus seeks this Court's leave to file the appended Third Amended Complaint ("TAC"), which incorporates this new evidence, names new defendants, and adds new claims.

As the court will note from the TAC, some of the newly named defendants are citizens of Virgina, which renders them nondiverse from the Plaintiff Ms. Ghee. Because of that, this Motion asks not simply for leave to amend, but also asks that this Court remand this action to state court, a remedy specifically contemplated by 42 U.S.C. § 1447(e). Below, Ms. Ghee

summarizes the compelling new evidence that she has obtained through discovery, describes how this evidence justifies the new claims and defendants named in her TAC, and finally explains why a remand to state court under § 1447(e) is appropriate in this case.

Finally, Ms. Ghee also explains below that, given the upcoming expiration of the statute of limitations on her claims, she—in an abundance of caution—filed a similar version of her TAC in state court earlier this week.[1] Below, she explains whether and how this Court should consider that state court action in considering her request for leave to amend and remand under § 1447(e). In short, she explains that the Court may wish to delay ruling on this Motion in anticipation of the potential removal of her state court action.

All in all, new discovery has revealed that Ms. Ghee's claims should be resolved in state court. This Memorandum is filed in pursuit of that reality and endeavors to provide the Court with full information so that it may not only properly rule on the Motion but also may conserve its scarce judicial resources in doing so.

## BACKGROUND

On or about December 19, 2024, Plaintiff Nyeisha S. Ghee ("Ms. Ghee") filed a personal injury action in Petersburg Circuit Court. Citing diversity citizenship, on January 13, 2025, Defendant Pinetree Apartments, LLC ("Pinetree") removed the action to this Court. (ECF No. 1). Two significant events have occurred since removal.

First, Pinetree filed a Partial Motion to Dismiss, which is currently pending before this Court. The Motion argued that the Plaintiff did not adequately plead fraud, the concealment of

---

[1] In addition to filing that action, Ms. Ghee's attorneys also filed suit in state court on behalf of the Administrators of Mark K. Ghee's Estate. Three-year-old Mark died in the same fire that grievously injured Ms. Ghee and a claim thus exists on behalf of the Estate against the same defendants Ms. Ghee intends to hold accountable for her injuries.

a latent defect, and the basis for imposing punitive damages. Ms. Ghee opposed that Motion by, among other things, pointing to facts alleged in her Amended Complaint that, as of the time she filed her Amended Complaint, were the facts as known to her. The Court has yet to rule on this Motion and, given Ms. Ghee's discovery of additional facts and current motion for leave to amend, the Court may wish to delay its ruling on that Motion.

Second, the parties entered into a Joint Stipulation on Discovery that allowed discovery in this matter to move forward notwithstanding Pinetree's Partial Motion to Dismiss. The Plaintiff has taken full advantage of the opportunity for discovery. She has sought and received many thousands of pages of documents, deposed several key witnesses, and expended substantial effort evaluating the claims she originally filed against Pinetree. In the process, it has become clear that her original claims can not only be strengthened significantly, but that she possesses additional claims against additional defendants.

As the TAC reveals, some of the additional defendants are citizens of Virginia and thus not diverse from Ms. Ghee. To hold these nondiverse defendants liable for their conduct, Ms. Ghee may only pursue relief in state court. This reality has thus prompted her not only to ask this Court for leave to amend, but also ask it to remand her suit to state court. The basis for such relief is discussed below, after which Ms. Ghee's recently filed state court action is also discussed.

**ARGUMENT**

**I.    Ms. Ghee's Motion for Leave to Amend is Merited**

Ms. Ghee's Motion for Leave to File Her Third Amended Complaint is warranted and proper. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The

court should freely give leave when justice so requires." *Id*. Following that command, "[i]t is [the Fourth] Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter,* 591 F.3d 724, 729 (4th Cir. 2010) (citation omitted).

A district court should deny leave to amend only "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (quoting *Johnson v. Oroweat Foods Co*., 785 F.2d 503, 509 (4th Cir. 1986)). The proposed TAC is submitted in good faith, is not prejudicial to Defendant Pinetree, and is not futile.

The proposed TAC is being submitted in good faith to incorporate facts learned recently in discovery, and to assert viable and proper claims against Pinetree and the newly named Defendants. Plaintiff's claims are not futile. Plaintiff expects to prevail at trial on these new allegations, which resulted in horrific injuries to Ms. Ghee.

Whether allowing leave to amend would be prejudicial "will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Here, discovery is proceeding upon the stipulation of the parties. The Rule 16 conference has not been held, and depositions have begun, but many more will be taken. Thus, the Defendants will have ample time to conduct discovery with regard to the new facts contained in the proposed TAC. Therefore, the TAC will not prejudice Defendant Pinetree and the new parties must be included in the action to obtain the full breadth of justice in this matter.

"A proposed amendment is futile when it is 'clearly insufficient or frivolous on its face' or 'the claim it presents would not survive a motion to dismiss.'" *Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson v. Oroweat Foods Co*., 785 F.2d 503, 510 (4th Cir. 1986) and *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)). The new facts

asserted in the TAC further buttress Plaintiff's claims, including her fraud claims. In addition, courts often choose to address futility arguments in the context of motions to dismiss instead of in the context of a motion to amend. *See Taylor v. Revature LLC*, No. 1:22-cv-1153, 2024 U.S. Dist. LEXIS 156859, *2-4 (E.D. Va. Aug. 30, 2024) (making such a determination and discussing other courts doing the same).

Lastly, the Supreme Court has also ruled that leave to amend may be denied if there is "undue delay, bad faith or dilatory motive" on the part of the Plaintiff. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff has not unduly delayed or acted in bad faith. Plaintiff has brought the proposed TAC before the Court as quickly as she could after receiving this new production of documents.

Granting Plaintiff leave to amend at this stage of the litigation would not cause prejudice to Defendant Pinetree, Plaintiff has not acted in bad faith, and the proposed TAC would not be futile. Consistent with the Fourth Circuit's policy of liberally granting leave to amend, Plaintiff seeks to amend her Amended Complaint.

## II. Because Ms. Ghee Seeks to Add Nondiverse Defendants, This Court Should Remand this Matter under § 1447(e).

Under 28 U.S. C. 1447(e), this Court has the authority to remand a previously removed action to state court. In particular, § 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." As explained already, the Plaintiff's Motion to File Her Third Amended Complaint "seeks to join additional defendants whose joinder would destroy diversity." Assuming that joinder is justified, the issue before this Court is whether to "deny joinder" or instead to "permit joinder and remand the action to state

court." As explained below, the proper course is to "permit joinder and remand the action to state court."

The decision over whether to permit the post-removal joinder of a nondiverse defendant is a "flexible, broad discretionary" inquiry "committed to the sound discretion of the district court." *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999) (quoting *Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 414 (S.D.W. Va. 1998)). Ultimately, "[t]he district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." *Id.* at 463. In *Mayes*, the Fourth Circuit provided a non-exhaustive list of factors to guide the district court's analysis into whether to permit a post-removal amendment adding a nondiverse party: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory is asking for amendment, [3] whether the plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id.* at 462 (*quoting* Gum, 5 F. Supp. 2d at 414).

The Plaintiff meets all of the *Mayes* factors. *First,* the nondiverse defendants are appropriate parties and are not being added merely to destroy jurisdiction. The named nondiverse defendants (Yohannes, McConnell, and Peebles) took direct action in this case that severely impacted Ms. Ghee, including painting over holes to purposely obscure termites and wood damage and leasing to Ms. Ghee and her boys a unit for which the Defendants knew contained wet, termite-infested, rotted wood in the walls. Defendant PestNow of Central Virginia, LLC knowingly skirted state law and the standard of care intended to protect the public. Among other things, in violation of Virginia law, PestNow applied termiticide only to the exterior of Building G without inspecting or treating the interior of Unit G8 and Building G's other units, did not apply termiticide at the

joints of Building G's abutting concrete slabs, and allowed its technicians to apply termiticides at the perimeter of Building G even though they were not certified to apply termiticides.

*Second*, the Plaintiff has not been dilatory in seeking her amendment. Indeed, when Plaintiff earlier sought to amend, Defendant Pinetree commented about the short time that Plaintiff took to analyze and marshal the facts contained in the produced documents. ECF No. 49 at 5. The Plaintiff has been equally brisk in moving for relief under § 1447(e). She has worked through an enormous amount of data in different disciplines, taken important depositions, conferred with experts, including those experienced in termite prevention, state regulations concerning the same, and construction methods, including proper flashing of sliding glass doors. The complaint attached at Exhibit 1 reflects an enormous amount of work promptly carried out by Plaintiff's counsel and their experts. Although discovery has been started in the matter, the matter is still in its early stages. For example, the Rule 16 conference has not yet been held.

*Third,* the Plaintiff will be significantly injured if the motion and accompanying amendment are not permitted. This Court should not make any ruling on Defendant Pinetree's Partial Motion to Dismiss without all of the facts before it. Plaintiff is confident of her arguments made in her memorandum in opposition to the Defendant's motion, but the Court is entitled to see the full breadth of the named defendants' actions/inactions before deciding the motion.

*Fourth,* other factors strongly argue in favor of Plaintiff's motion and accompanying amendment. Ms. Ghee's personal injury claims and the Administrator's wrongful death claims should be tried before one court. The issues in each of the cases are the same, and judicial rulings in one case will have legal or practical application in the other. Indeed, the plaintiffs in both actions may move for consolidation of both matters in one trial. Accordingly, Ms. Ghee's motion

to amend should be granted and this matter should be remanded to Petersburg Circuit Court pursuant to § 1447(e).

### III. The Court Should be Mindful that the Defendants named in Ms. Ghee's Recently Filed State Court Action May Attempt to Remove that Action

As noted at the outset of this Memorandum, earlier this week Ms. Ghee filed a state court action that is substantially similar to her proposed TAC. Ms. Ghee took that uncommon step for a simple but crucially important reason: the statute of limitations in this matter expires on February 20, 2026. Had Ms. Ghee not taken that step and simply sought from this Court leave to amend and a remand under § 1447(e), she could not have been sure that the Court would have acted upon her motion before the statute of limitations had expired. Thus, out of an abundance of caution, and with a sincere belief that her claims are properly litigated in state court, Ms. Ghee filed suit in Petersburg Circuit Court on Tuesday, February 3, 2006.

Ms. Ghee recognizes that the pendency of the state court action might impact the Court's assessment of her current Motion for leave to amend and for remand. In particular, given that Defendant Pinetree previously removed the claims against it to this Court, it is certainly possible that the defendants named in Ms. Ghee's recently filed state court action will also attempt to remove that action. Although several of those defendants are nondiverse, it is possible that they may nonetheless attempt to remove the suit by claiming that they were fraudulently joined. If that occurs, Ms. Ghee will certainly oppose any such effort and this Court will thus be faced with a question similar to that presented by Ms. Ghee's current Motion: whether the proposed TAC properly states a claim against the nondiverse defendants.

Given that this Court may be called upon to rule on whether Ms. Ghee's state court action is removable to federal court, this Court may wish to delay ruling on Ms. Ghee's current Motion to Amend so that it may rule, as a global matter, on whether Ms. Ghee has properly stated a

claim against the nondiverse defendants. To be clear, Ms. Ghee does not ask for or recommend that approach. She is simply attempting to apprise the Court of the possibility that removal may be attempted so that the Court can best manage its scarce judicial resources.

WHEREFORE, Plaintiff Ms. Ghee moves this Court for leave to file her Third Amended Complaint, to join the additional defendants, whose joinder would destroy subject matter jurisdiction, and as a result, remand the action to Petersburg Circuit Court. The foregoing rulings will render moot Defendant Pinetree's Partial Motion to Dismiss.

Respectfully submitted,

NYEISHA S. GHEE


By: _____/s/ Mark Krudys_____
           Counsel

Charles H. Cuthbert, Jr. (VSB # 14519)
Richard M. Cuthbert (VSB # 82025)
Cuthbert Law Offices
A Professional Corporation
220 North Sycamore Street
Petersburg, Virginia 23803-3228
(804) 733-3100
Fax #: (804) 732-4658
ccuthbert@cuthbertlaw.com
rcuthbert@cuthbertlaw.com

Mark J. Krudys (VSB#30718)
Daniel Zemel (VSB#95073)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA, 23219
Phone: (804) 774-7950
Fax:    (804) 381-4458
Email: mkrudys@krudys.com; dzemel@krudys.com
*Counsel for Plaintiff*

9

**Certificate of Service**

I hereby certify that on this 6th day of February 2026, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

                                                      */s/ Mark J. Krudys*
Mark J. Krudys (VSB# 30718)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, Virginia 23219
804.774.7950 Phone
804.381.4458 Fax
mkrudys@krudys.com
*Counsel for Plaintiff*