UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NYEISHA S. GHEE,

      Plaintiff,

v.                              Civil Action No.: 3:25-cv-17-RCY

PINETREE APARTMENTS, LLC,

      Defendant.

**DEFENDANT PINETREE APARTMENTS, LLC'S
FIRST SUPPLEMENTAL ANSWERS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

NOW COMES the defendant, Pinetree Apartments, LLC ("Pinetree" or "Defendant"), by counsel, and for its First Supplemental Answers to Plaintiff's First Set of Interrogatories, states as follows:

The following Answers are supplemented in accordance with the agreed-upon timeframe for January 1, 2019, through June 20, 2024.

**1st Supplemental Answers**

7.    Identify each Person who has information as to why Ms. Ghee was unable to open the the Sliding Glass Door at Unit G8 during the Fire and state the substance of such information as You understand it. Excluded are Your attorneys and experts who have been retained or specially employed by You in anticipation of this litigation or to prepare for trial and who are not expected to be called as a witness at trial.

**OBJECTION: Defendant objects to the extent the Interrogatory seeks information protected by the attorney-client privilege, work-product doctrine, attorney-expert privilege, or any other applicable privilege or exemption, or information or materials that were prepared in anticipation of, or during the course of, litigation, or in preparation for trial.**

**ANSWER: Subject to and without waiving Pinetree's objections, Pinetree states the following:**

1

I-3012332.1



8. State what Your claim will be as to why Ms. Ghee was unable to open the Sliding Glass Door at Unit G8 during the Fire and state all information upon which such claim is based.

4

I-3012332.1

**OBJECTION**: Defendant objects to this Interrogatory's use of the phrase "Your claim" as vague, confusing, and misleading, as it misstates the burden of proof in the action, and attempts to improperly shift the Plaintiff's burden of proof to the Defendant. The Interrogatory is further asking for Defendant to state what its position "will be" at an undetermined time in the future.

Defendant also objects to the extent the Interrogatory seeks information protected by the attorney-client privilege, work-product doctrine, attorney-expert privilege, or any other applicable privilege or exemption, or information or materials that were prepared in anticipation of, or during the course of, litigation, or in preparation for trial. Defendant further objects to this Interrogatory as a request for expert opinions.

**ANSWER**: Subject to and without waiving Pinetree's objections, Pinetree states the following:

Pinetree had no knowledge or notice of issues with the Sliding Door before the Fire Incident. Apartment G-8 was compliant with all applicable codes. Pinetree performed repairs on the Sliding Door on May 31, 2022, as described in the work orders, at which time the Sliding Door functioned properly. (PINETREE00527-529, PINETREE00616). The Petersburg Redevelopment and Housing Authority inspected and passed the unit. (See Pinetree's Answer to Interrogatory No. 9). Plaintiff never reported issues regarding the Sliding Door to Pinetree during her tenancy in the apartment. Plaintiff never submitted a written request for maintenance on the Sliding Door.

Pinetree has not spoken to Plaintiff and/or her children (Elijah and Joshua) since the Fire Incident because she retained counsel. The only suggestion that Plaintiff was unable to open the Sliding Door is her own testimony of same, as contained in the Complaint and Amended Complaint.

Plaintiff has not disclosed expert opinions and the basis thereof relating to the alleged defect and causation of the Sliding Door. The Sliding door was badly damaged in the fire and by the fire suppression efforts. There were several joint, post-fire inspections involving Plaintiff's counsel and experts. All of Plaintiff's requests to preserve items from the apartment were honored. Specifically, Plaintiff requested that the damaged Sliding Door and the sliding door from the other bedroom be preserved as part of the joint post-fire inspections. Plaintiff's counsel and expert were present during the removal of the sliding doors. However, Plaintiff, through her counsel and experts, never requested to preserve the wood framing surrounding the Sliding Door. Plaintiff first disclosed the alleged theory on the wood framing surrounding the Sliding Door when filing the Complaint, well after the parties agreed to disposing of the damaged parts of the apartment that were not requested to be preserved during the multiple post-fire inspections.

Pinetree reserves the right to amend and/or supplement this Answer as discovery is ongoing, including disclosure of expert opinions, as permitted by the Federal Rules of Civil Procedure and any applicable scheduling order.

**1st SUPPLEMENTAL ANSWER**: The following 1st Supplemental Answer adds to, but does not replace, the foregoing.

**All references to Pinetree include South Oxford Management, LLC's property management of Pinetree Apartments from June 24, 2019, to the date of the sale (August 29, 2024). Additionally, the apartment complex was managed by Ross Management in the Applicable Period before June 24, 2019.**

**Discovery is ongoing. Defendant reserves the right to supplement this Answer with disclosure of expert opinions, as permitted by the Federal Rules of Civil Procedure and any applicable scheduling order.**



I-3012332.1



      16.    Identify each Person who worked at Pinetree Apartments after December 31, 2021.

**OBJECTION**: Defendant objects to the request for information after "December 31, 2021" as overly broad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, and on the basis of relevance. Defendant objects to identifying anyone employed after the Fire Incident. Defendant further objects to the request for all employees as categorically overboard, irrelevant, and disproportionate to the needs of this case. Defendant stands on its objections regarding anything before May 2022.

**ANSWER**: Subject to and without waiving Pinetree's objections, Pinetree states the following:

**Pinetree identifies the following personnel:**

- **Tori S. Booker (Community Manager) (last date of employment: 6/15/2022)**
    - [redacted]

- **Holly G. Gravely (Leasing Professional) (last date of employment: 10/24/2023)**
    - [redacted]

- **Lonte Green (Maintenance Technician) (last date of employment: 11/7/2023)**
    - [redacted]

- **Ricky A. McConnell (Maintenance Supervisor) (last date of employment: 10/4/2023)**
    - [redacted]

- **Aaron McLaughlin (Maintenance Technician) (last date of employment: 6/3/2022)**
    - [redacted]

- **William A. Norris (Maintenance Supervisor) (last date of employment: 8/29/2024)**
    - [redacted]

7

I-3012332.1

- o ▮▮▮▮▮
- **Laquisha N. Seaborne (Community Manager) (last date of employment:1/30/2024)**
  - o ▮▮▮▮▮
- **J'Kiea G. Williams (Leasing Professional) (last date of employment: 9/5/2023)**
  - o ▮▮▮▮▮
- **Crystal Spruill (Community Manager) (last date of employment 8/29/2024)**
  - o ▮▮▮▮▮
- **Matthew Lucas (Leasing Professional) (last date of employment: 8/8/2022)**
  - o ▮▮▮▮▮

**1st SUPPLEMENTAL ANSWER**: The following 1st Supplemental Answer adds to, but does not replace, the foregoing.

**All actions taken at Pinetree Apartments were done through property management companies. For the Applicable Period, the apartment complex was managed by Ross Management before June 24, 2019. South Oxford Management, LLC managed Pinetree Apartments from June 24, 2019, to the date of the sale (August 29, 2024). The property manager employed the workers at Pinetree Apartments.**

(A) **Community Managers**

  a. **Tori S. Booker (employed 5/9/2022 to 6/15/2022)**
     ▮▮▮▮▮

  b. **Dionne A. Mason (employed 8/9/2021 to 4/18/2022)**
     ▮▮▮▮▮

  c. **Crystal S. Spruill (employed 10/7/2022 to 8/29/2024)**
     ▮▮▮▮▮

  d. **Ebone' L. Gamby (Temporary CM) (employed 6/3/2019 to 7/6/2021)**
     ▮▮▮▮▮

  e. **Rhonda L. Brown (Assistant CM) (employed 6/25/2019 to 3/26/2025)**
     ▮▮▮▮▮

(B) **Leasing Professionals**

  a. **Holly G. Gravely (employed 10/24/2023 to 10/24/2023)**

8

I-3012332.1

      i.

    b.  **Tiffany L. Morgan (employed 2/22/2021 to 4/1/2022)**

    c.  **Laquisha N. Seaborne (employed 1/30/2024 to 8/29/2024)**

    d.  **J'Kiea G. Williams (employed 11/22/2021 to 9/5/2023)**

    e.  **Keivona B. Brogden (employed 3/1/2023 to 9/27/2024)**

    f.  **David A. Buchanan (employed 10/19/2020 to 11/18/2020)**

    g.  **Shelia T. Hardy (employed 12/28/2020 to 11/2/2022) (rehired)**
        i.

    h.  **Raven M. Jones (employed 6/25/2019 to 8/16/2022) (rehired)**
        i.

    i.  **Matthew Lucas (employed 4/25/2022 to 8/8/2022)**
        i.

**(C)  Maintenance Supervisors**

    a.  **Ricky A. McConnell (employed 5/16/2022 to 10/4/2023)**
        i.

    b.  **William A. Norris (employed 4/30/2019 to 8/29/2024)**
        i.

    c.  **Alvin F. Peebles (employed 1/13/2020 to 3/14/2022)**
        i.

9

I-3012332.1

        **ii.** ▉▉▉▉▉▉▉

    **d. Torey R. Olds (employed 6/29/2018 to 10/1/2019)**
        **i.** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

**(D) Maintenance Technicians**

    **a. Lonte A. Green (employed 11/7/2023 to 8/29/2024)**
        **i.** ▉▉▉▉▉▉▉▉▉▉▉▉

    **b. Aaron E. McLaughlin (employed 6/3/2022 to 6/6/2022)**
        **i.** ▉▉▉▉▉▉▉▉▉▉▉▉

    **c. Robert W. Davis (employed 12/20/2021 to 4/8/2022)**
        **i.** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉

    **d. Christopher O. Godwin (employed 2/12/2020 to 7/16/2021)**
        **i.** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉

**Nadra Yohannes was the regional manager for South Oxford overseeing Pinetree Apartments until her last day on January 12, 2024, at which point Caitlin Fatone assumed her duties.**

**For temporary workers tasked to Pinetree who were employed by third-party temp agencies, see produced records and invoices from the temp agencies. Before June 24, 2019, in the Applicable Period, all employees at Pinetree Apartments were employed by Ross Management.**



I-3012332.1

**Contractors. Additional work in the sliding glass door area of various units was also performed by other contractors, as reflected in the produced records, including Budget Glass, RediCarpet, Real Property Management Solutions, and Great Solutions Painting, Inc.**

**See also Defendant's Answer to Interrogatory No. 16.**

                                          **PINETREE APARTMENTS, LLC**

                                          By: _____
                                                       Of Counsel

Joseph P. Moriarty (VSB No. 68465)
Kevin M. Kennedy (VSB No. 75071)
Kelley C. Holland (VSB No. 79627)
Bryn L. Clegg (VSB No. 96923)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
jmoriarty@wilsav.com
kkennedy@wilsav.com
kholland@wilsa.com
bclegg@wilsav.com
*Counsel for Defendant*
*Pinetree Apartments, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January 2026, I have emailed the foregoing document to counsel at the following address:

>Charles H. Cuthbert, Jr. (VSB # 14519)
>Richard M. Cuthbert (VSB # 82025)
>Cuthbert Law Offices
>A Professional Corporation
>220 North Sycamore Street
>Petersburg, Virginia 23803-3228
>Phone: (804) 733-3100
>Fax: (804) 732-4658
>ccuthbert@cuthbertlaw.com
>rcuthbert@cuthbertlaw.com
>
>Mark J. Krudys (VSB#30718)
>Danny Zemel (VSB#95073)
>The Krudys Law Firm, PLC
>Truist Place
>919 East Main Street, Suite 2020
>Richmond, VA, 23219
>Phone: (804) 774-7950
>Fax:    (804) 381-4458
>mkrudys@krudys.com
>dzemel@krudys.com

*Counsel for Plaintiff*

_____

12

I-3012332.1