**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

NYEISHA S. GHEE,

   Plaintiff,

              Civil Action No.: 3:25-cv-17-RCY

v.

PINETREE APARTMENTS, LLC*, et al.*,

   Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Plaintiff Nyeisha S. Ghee, by counsel, and pursuant to Local Civil Rule 7(F)(1), respectfully moves this Court for Leave to File Supplemental Authority, and for such other relief as the Court deems appropriate.

Pending before this Court in this matter is Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 54). Defendants opposed the Motion, alleging, among other things, that certain Virginia residents named as Defendants in the Third Amended Complaint were fraudulently joined. (ECF No. 55).

Yesterday, the United States Court of Appeals for the Fourth Circuit reversed a district court that had permitted removal on the basis of fraudulent joinder. *Skidmore v. Schinke*, No. 25-1436, 2026 U.S. App. LEXIS 9129 (4th Cir. Mar. 30, 2026). The Fourth Circuit's published opinion in *Skidmore* makes clear fraudulent joinder arguments "ask[] the district court to do something extraordinary—maintain jurisdiction over a case that should, on its face, proceed in state court." *Id.* at *7. An "extraordinary" request of course demands an extremely powerful showing by any party making the request. According to the Fourth Circuit, if a district court "'cannot predict with certainty how a state court . . . would resolve the legal issues' implicated by

the case, it should leave those issues for a state court to decide." *Id.*, at *8 (quoting *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425-26 (4th Cir. 1999).

*Skidmore* is replete with guidance about how "certain" this court must be about the fate of a state law claim before permitting removal based on fraudulent joinder. For example:

- Even though state law supporting a particular claim might be "far from airtight," and "even if the defendants have the better of this argument" that a claim will fail, a "district court err[s] in finding fraudulent joinder" unless it is "*impossible*" the plaintiff could succeed. *Id.* at *9-10 (emphasis added).

- Even weak and implausible claims are not grounds for removal based on fraudulent joinder. As the Fourth Circuit put it, "[the plaintiff's] claim against [the non-diverse defendant] might not be strong. It might even be the legal equivalent of a half-court shot. But as anybody who's watched enough basketball knows, half-court shots sometimes go in. Improbable? Yes. Impossible? No." *Id.* at *10-11.

- In assessing a fraudulent joinder argument, "a district court shouldn't wrestle with thorny state-law questions, nor should it otherwise 'delv[e] too far into the merits.'" *Id.* at *7-8 (quoting *Hartley,* 187 F.3d at 425). Thus, "all doubts about the propriety of removal should be resolved in favor of remanding the case to state court." *Id.* at *8 (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

- The fraudulent joinder "standard is 'even more favorable to the plaintiff than the standard for ruling on a motion to dismiss' under Federal Rule of Civil Procedure 12(b)(6). *Hartley*, 187 F.3d at 424. And *Hartley* was decided before *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which require plaintiffs to plead allegations 'with greater specificity than previously was required.' *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). So, if the fraudulent joinder standard was more plaintiff-friendly than the Rule 12(b)(6) standard at the time of *Hartley*, that's even more true today."

*Id.* at *7, n. 5.

*Skidmore* powerfully shows the problems with the fraudulent joinder arguments advanced in the instant case. The Plaintiff has strong arguments on the claims against non-diverse defendants, but even if the Court were inclined to think otherwise, that would not justify permitting removal. Using the Fourth Circuit's basketball metaphor, the Plaintiff's arguments are well "within

the paint" and easily have as much chance of succeeding as "half-court shots," which, after all, "sometimes go in." *Id*. at \*11.

The Fourth Circuit's opinion in *Skidmore* is attached as **Exhibit 1,** and Plaintiff seeks leave to provide the same to the Court.

Respectfully submitted,

NYEISHA S. GHEE

By: _____ */s/ Mark Krudys*
Counsel

Mark J. Krudys (VSB#30718)
Daniel Zemel (VSB#95073)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA, 23219
Phone: (804) 774-7950
Fax:    (804) 381-4458
Email: mkrudys@krudys.com; dzemel@krudys.com

Charles H. Cuthbert, Jr. (VSB # 14519)
Richard M. Cuthbert (VSB # 82025)
Cuthbert Law Offices
A Professional Corporation
220 North Sycamore Street
Petersburg, Virginia 23803-3228
(804) 733-3100
Fax #: (804) 732-4658
ccuthbert@cuthbertlaw.com
rcuthbert@cuthbertlaw.com

*Counsel for Plaintiff*

3

**Certificate of Service**

I hereby certify that on this 31st day of March 2026, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

_/s/ Mark J. Krudys_
Mark J. Krudys (VSB# 30718)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, Virginia 23219
804.774.7950 Phone
804.381.4458 Fax
mkrudys@krudys.com
_Counsel for Plaintiff_

4