IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NYEISHA S. GHEE,

       Plaintiff,

v.                                    Civil Action No.: 3:25-cv-17-RCY

PINETREE APARTMENTS, LLC,

       Defendant.

**MEMORANDUM IN SUPPORT OF PINETREE AND JASON KEEN'S
MOTION TO QUASH PLAINTIFF'S *SUBPOENA DUCES TECUM* AND
<u>MOTION FOR A PROTECTIVE ORDER</u>**

NOW COME Pinetree Apartments, LLC ("Pinetree") and Non-Party Jason Keen ("Keen," collectively with Pinetree, "Movants"), by counsel, and hereby submit this memorandum in support of their Motion to Quash Plaintiff's *subpoena duces tecum* request for certain documents and materials (the "Subpoena") and for a Protective Order. In support of this Motion, Movants state the following:

### I.     <u>INTRODUCTION</u>

Plaintiff has subpoenaed Jason Keen, an individual employee of Pinetree's third-party claims adjuster, Sedgwick Claims Management Services, Inc. ("Sedgwick"), for certain documents and information relating to Sedgwick's services for Pinetree. *See* **Exhibit A** (Subpoena). Keen was notified about the February 20, 2024, apartment fire at the Pinetree Apartments (the "Fire") in his capacity as Executive General Adjuster for Sedgwick.[1] Plaintiff has now issued a subpoena to Keen for information that should not be produced by him (or by

---

[1] Keen was only assigned as the adjuster on the property damage to Building G at Pinetree Apartments. Keen was not assigned as the adjuster on Plaintiff's personal injury claim.

Sedgwick), including copies of the insurance policies and premium payment documents, communications that are much broader than the Fire, and privileged documents after the Fire. The Court should quash this Subpoena and find that the requested information is not discoverable, is overly broad and unduly burdensome, is not appropriately requested from Keen, and is protected from production.

## II.    LEGAL STANDARD

**Non-Party / Subpoena Target (Keen):** Under Rule 45, the "party or attorney responsible for issuing the subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A subpoena may only compel production of documents that are within the target's "possession, custody, or control[.]" Fed. R. Civ. P. 45(a)(1)(A)(iii). A non-party served with a subpoena may file a motion to quash when the subpoena requires disclosure of privileged or protected material or subjects the target to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). Rule 45 identifies "additional grounds on which a subpoena against a third party may be quashed, taking into consideration facts peculiar to their status as a non-party, [although] those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26." *Cook v. Howard*, 484 Fed. Appx. 805, 812 (4th Cir. 2012). Thus, the Court must still consider whether the discovery is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Relevance is thus the foundation for any request for production, regardless of the individual to whom a request is made." *Cook*, 484 Fed. Appx. at 812.

2

Non-parties are afforded a "special weight" in the undue burden / proportionality analysis. *See Blackwell v. La-Z-Boy Logistics, Inc.*, No. 6:22-CV-37, 2024 U.S. Dist. LEXIS 96858, *4 (W.D. Va. May 31, 2024) ("[C]ourts must give the recipient's nonparty status 'special weight,' leading to an <u>even more 'demanding and sensitive inquiry'</u> than the one governing discovery generally." (quoting *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (emphasis added)). As one court observed:

> When discovery is sought from *nonparties*, however, its scope must be limited even more. Nonparties are strangers to the litigation, and since they have no dog in the fight, they have a different set of expectations from the parties themselves. Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery. A more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty subjects a person to undue burden and must be quashed or modified. As under Rule 26, the ultimate question is still whether the benefits to the requesting party outweigh the burdens on the recipient. But, *Jordan* instructs that lower courts must give the recipient's nonparty status <u>special weight</u> in evaluating not just the relevance of the information sought, but also the requesting party's need for it and whether the information is available to the requesting party from other sources.

*Consumer Fin. Prot. Bureau v. Nexus Servs.*, No. 5:21-cv-00016, 2022 U.S. Dist. LEXIS 90308, *16 n.6 (W.D. Va. May 19, 2022) (internal quoting citations omitted) (cleaned up) (emphasis added).

**Party (Pinetree):** A party has standing to object to a subpoena to a third-party when the party has a "personal right or privilege in the information sought by the subpoena," for example, when it contains their own confidential information. *See Eichenwald v. Rivello*, 321 F. Supp. 3d 562, 564 (D. Md. July 5, 2018); *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, No. PJM-22-2369, 2024 U.S. Dist. LEXIS 193094, *10 (D. Md. Oct. 23, 2024) (noting the party has standing when "the party claims some personal right or privilege in the information sought by the subpoena").

### III.    <u>ARGUMENT</u>

3

I-3074533.1

The bulk of the requested information is objectionable and should not have been sought from Keen. This includes protected insurance information, for which Plaintiff is using the Subpoena as an end-run-around the Court's discovery rules, and information that does not pertain to the Fire that is the subject of Plaintiff's claims. The Subpoena's sweeping requests to Keen, a non-party, are not the targeted type allowed under the Rules. The Court should quash the Subpoena regarding these irrelevant and objectionable requests.

### A. The Subpoena's Request for Insurance Policy and Premium Information Must Be Quashed (Topics 2-4).

Plaintiff has issued multiple requests for insurance-related information to Keen, which is a clear attempt to ascertain Defendant's insurance coverage and bypass Pinetree's standing objections to the production of this information. Plaintiff's insurance requests include the following Topics:

- TOPIC 2: Each policy of insurance associated with DAL24708220.

- TOPIC 3: Each premium bill sent after 2020 and before 2025 on account of casualty insurance applicable to Pinetree Apartments, 3100 Pinetree Dr., Petersburg, VA on February 20, 2024.

- TOPIC 4: Each Document evidencing a premium payment received after 2020 and before 2025 on account of casualty insurance applicable to Pinetree Apartments, 3100 Pinetree Drive, Petersburg, VA. This includes but is not limited to digital images of checks, ledger entries, bank account entries, and notifications of payments made.

The insurance policies at issue were written *for Pinetree* – these are not documents belonging to a third-party adjuster like Sedgwick, and certainly not to an employee of Sedgwick like Keen. The Court should quash Plaintiff's attempts to subpoena this information.

### 1. *Rule 26 Does Not Require Production of Insurance Information Beyond the Ad Damnum Amount.*

Pinetree has objected throughout discovery to producing any insurance information beyond the *ad damnum* of the policy. Rule 26 only requires production of the insurance policy itself "under

4

which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Rule 26(a)(1)(A)(iv) (emphasis added). Pinetree has produced policies within the applicable *ad damnum* of the operative Complaint, and Plaintiff's attempts to obtain disclosure of information beyond any "possible judgment" is not compelled under Rule 26.

Further, Plaintiff's request for additional insurance-related documents beyond the insurance policy itself is not appropriate. Additional documents beyond the insurance policies are not discoverable. *See Sea Salt, LLC v. Bellerose*, 2:18-cv-00413, 2020 U.S. Dist. LEXIS 154147, *3-5 (D. Maine Aug. 25, 2020) ("Notably, the Rule does not reference any insurance-related documents other than the insurance agreement. . . . [O]ther courts have relied upon the plain language of the Rule to conclude that other insurance-related documents, including reservation-of-rights letters, are not discoverable."); *Salazar v. Bocanegra*, No. 12-cv-0053, 2012 U.S. Dist. LEXIS 196660, at *5 (D.N.M. July 27, 2012) ("The Court finds no support for Plaintiff's motion to compel reservation-of-rights letters or agreements where a denial of coverage has not been asserted in this case, and where insurance coverage is not the basis of the suit.").

### 2. *Plaintiff's Subpoena for Insurance Information Is a Blatant Attempt to Circumvent Pinetree's Objections to Producing Insurance Information.*

Under Federal law, it is not appropriate to seek discovery from a third party that should be properly obtained from a party to the litigation. *See Sziber v. Dominion Energy*, No. 3:20-cv-117, 2021 U.S. Dist. LEXIS 250163, *7 (E.D. Va. Sept. 14, 2021) ("If the party seeking discovery can obtain the information from another party in the litigation, it must do so rather than burden a nonparty with a subpoena request."). Plaintiff has already sought this information from Pinetree, to which Pinetree has objected under Rule 26. Courts frown upon attempts like this, in which plaintiffs issue subpoenas directly to employees and/or agents of a party to circumvent discovery

5

rules. *Cf. Knott v. Nationstar Mortg., LLC*, NO. 5:15-CV-00043-RLV, 2017 U.S. Dist. LEXIS 73580, *7 (W.D.N.C. May 15, 2017) ("The subpoena process cannot be used to circumvent party-discovery restrictions in the discovery rules."). Plaintiff should not be permitted to circumvent these rules by issuing a subpoena to Keen, an individual employee of Pinetree's third-party adjuster.

The requested documents also rightfully belong to Pinetree (the insured party) or to Pinetree's insurers, but the documents do not belong to Sedgwick and/or Keen as a third-party adjuster. Rule 45 only permits subpoenaing documents that are in the control of the target. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). A finding of "control" requires more than mere physical possession and/or practical ability to obtain, but also a legal right. *Cf. Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 739 (E.D.N.C. 2000) (noting that "control" requires legal right); *In re Doe v. Under Seal*, 584 F.3d 175, 190 (4th Cir. 2007) (citing *In re Grand Jury Subpoena (Kent)*, 646 F.2d 963, 969 (5th Cir. 1981), which "quash[ed] subpoena where employee had <u>mere access to records, rather than control thereof</u>" (emphasis added); and *United States v. Guterma*, 272 F.2d 344, 346 (2d Cir. 1959), which "quash[ed] subpoena where trustee had possession of locked safe containing documents, but was never given access to, or ownership of, safe"). To the extent that Keen has access to the requested insurance information, it is only as a steward for Pinetree, but not with legal rights to the documents that exist independently of Sedgwick's contracted services for Pinetree. The Court should quash the Subpoena.

### 3. The Insurance Information Requests Are Not Relevant, Not Proportional to Any Need in the Case, and Are Unduly Burdensome.

Insurance information is, at its base, not relevant to Plaintiff's personal injury action against Pinetree. *Cook*, 484 Fed. Appx. at 812 (noting that relevance is still the "foundation" for all discovery requests). It is black-letter law that relevant evidence has a "tendency to make a fact

6

more or less probable" and that "fact is of consequence in determining the action." Fed. R. Evid. 401. Insurance information is so *irrelevant* to the cause of action that the Rules of Evidence actually prohibit its introduction at trial: "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. If the information is not relevant, then there is no basis to place the burden on a non-party to produce it.

Additionally, Plaintiff has requested information that would be burdensome to locate, acquire, and produce – including "each premium bill" for a five year period and evidence of the receipt of the premium, including "digital images of checks, ledger entries, bank account entries, and notifications of payments made." *See* Exhibit A (Topics 3-4). There is no reason that Keen should be forced to go find – even if such information was accessible to him and deemed in his control, which is disputed – information pertaining to five years' worth of payments to different insurance carriers. The burden is simply disproportionate to any need the Plaintiff could foster, which is small (if existent) because such information is not discoverable under Federal Rule of Civil Procedure 26 and not relevant under Federal Rule of Evidence 401. The Court should quash the Subpoena.

B. **The Subpoena's Request for Documents and Communications Beyond the Fire, and Which Pertain to Plaintiff's Claims, Must Be Quashed.**

In addition to the insurance information, Plaintiff has issued multiple requests for documents sent to and from Pinetree for the six-year period of 2020 to present, without tailoring and/or narrowing the topics to the Fire and the claims about which she has sued. Plaintiff's non-insurance requests include the following Topics:

- TOPIC 5: Each Document sent after 2020 to the named insured, mentioning, dealing with, or concerning Pinetree Apartments, 3100 Pinetree Drive, Petersburg, VA.

7

I-3074533.1

- TOPIC 6: Each Document received after 2020 from the named insured or on its behalf, mentioning, dealing with, or concerning Pinetree Apartments, 3100 Pinetree Drive, Petersburg, VA. This includes but is not limited to notices of loss. Excluded are Documents received from BlueSky.

- TOPIC 7: Each Document sent after 2020 to Beachwold Residential LLC or to an Affiliated Entity of Beachwold Residential, LLC, mentioning, dealing with, or concerning Pinetree Apartments, 3100 Pinetree Drive, Petersburg, VA.

- TOPIC 8: Each Document received after 2020 from Beachwold Residential LLC or from an Affiliated Entity of Beachwold LLC, mentioning, dealing with, or concerning Pinetree Apartments, 3100 Pinetree Drive, Petersburg, VA.

These requests seek information that is properly in the custody of a party to the litigation, and which is overly burdensome for Keen to gather and produce. The lack of tailoring also shows that the burden on the non-party is not proportional to the needs of the case.

### 1. *Plaintiff Seeks Information from a Third-Party Instead of from a Party to Litigation.*

Plaintiff cannot seek information from Keen that is properly obtained from a party to the litigation. *See Sziber v. Dominion Energy*, No. 3:20-cv-117, 2021 U.S. Dist. LEXIS 250163, *7 (E.D. Va. Sept. 14, 2021) ("If the party seeking discovery can obtain the information from another party in the litigation, it must do so rather than burden a nonparty with a subpoena request."). Topics 5-8 make it clear that the documents sought are ones that should, to the extent they exist, also be within a named party's possession or control. *See* Topic 5 ("Each Document sent … to the named insured" (emphasis added); Topic 6 ("Each Document received … from the named insured") (emphasis added); Topic 7 ("Each Document sent … to Beachwold Residential LLC or to an Affiliated Entity of Beachwold Residential, LLC) (emphasis added) (see other filings for relationship between entities). Plaintiff should not burden a non-party by seeking this information.

### 2. *Plaintiff Has Issued Overly Broad Requests for Six Years of Information Without Any Reasonable Relevance or Proportionality Restriction.*

Plaintiff's Subpoena Topics request information "after 2020" (i.e., to present) without any restriction other than the Topics pertain to the Pinetree apartment complex. *See* Ex. A. This is an

8

I-3074533.1

extraordinarily burdensome request, which would compel Keen to sort through his records – including physical files, electronic files, emails, and more – to identify which communications were with the Defendant and pertain to Pinetree, and which do not. The Court should grant Keen's non-party status "special weight," and apply an "even more 'demanding and sensitive' inquiry than the one governing discovery generally" as to the burden that is imposed on Keen by these requests. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (2019) (quoting *Weinman v. Cable*, 427 F.3d 49, 53 (1st Cir. 2005)).

Further, there is no showing of relevance for any information that does not relate to the Fire and/or Plaintiff's claims. *See* Fed. R. Evid. 401. "[T]he court may quash a subpoena duces tecum as overbroad if it 'does not limit the [documents] requested to those <u>containing subject matter relevant to the underlying action.</u>'" *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. July 31, 2013) (quoting *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008)). Plaintiff requested information for <u>four years</u> prior to the 2024 Fire – information that is facially irrelevant. Plaintiff has also failed to tailor the Subpoena to any of the alleged issues in the case. *See* Fed. R. Evid. 401. For example, even items that pertain to the Fire may not be relevant to Plaintiff's alleged cause of action if the items touch on things like building repairs and costs, because Plaintiff (as a tenant) is not making any claim related to building repairs, and is not even making a claim about the cause of the Fire. Additionally, if Pinetree made a business income loss claim after the Fire (e.g., to recover for loss of rent and relocation expenses for tenants), or shared information about the relocation of tenants with Keen, that information is not relevant to Plaintiff's claims. Plaintiff has placed an extraordinary burden on Keen without making any attempt to restrict the request to information that is reasonably calculated to lead to discoverable evidence.

9

It should also be noted that many of the documents related the Fire are also privileged. Keen was serving as Executive General Adjuster for Sedgwick Claims Management Services, Inc., which Pinetree had engaged as a third-party adjuster. In his role as Executive General Adjuster, Keen was responsible for evaluating Pinetree's subrogation claims against any third parties relating to the property damage and loss. As such, his role concerned privileged information. Under Virginia law, the scope of the work product doctrine is not claim-specific, but the privilege attaches to the communication itself. Many of Keen's correspondence, documents, letters, emails, reports, and other documents pertaining to the Fire are protected under the work product doctrine and were prepared in anticipation of litigation. *See Harris v. Skyhook Corp.*, 8 Va. Cir. 307, 309 (1987) ("Whether the material was prepared for the plaintiff and for this case is not dispositive. . . . The Virginia rule expands the rule to protect the 'work product' of consultants, sureties, indemnitors, insurers or agents. The objectives of the rule also apply to material prepared in anticipation of litigation by those who may not be parties to the present action."). Keen has produced a privilege log regarding documents that are privileged and protected from disclosure. *See* **Exhibit B**. Keen and Pinetree reserve the right to be heard on any privilege objection, to the extent that Plaintiff challenges same.

## IV.    CONCLUSION

WHEREFORE, for the foregoing reasons, and for any reasons raised at any hearing on this matter, Non-Party Jason Keen, and Defendant Pinetree Apartments, LLC, MOVE TO QUASH the Plaintiff's subpoena, request a PROTECTIVE ORDER, and request all other relief that this Court deems just and equitable.

I-3074533.1

JASON KEEN and PINETREE
APARTMENTS, LLC


By:___/s/ Joseph P. Moriarty_____
    Joseph P. Moriarty (VSB No. 68465)
    Kevin M. Kennedy (VSB No. 75071)
    Bryn L. Clegg (VSB No. 96923)
    WILLCOX & SAVAGE, P.C.
    440 Monticello Avenue, Suite 2200
    Norfolk, Virginia 23510-2243
    Telephone: (757) 628-5500
    jmoriarty@wilsav.com
    kkennedy@wilsav.com
    bclegg@wilsav.com
    *Counsel for Jason Keen and*
    *Pinetree Apartments LLC*

11

I-3074533.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, 2026, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Charles H Cuthbert, Jr. (VSB No. 14519)
Richard M. Cuthbert (VSB No. 82025)
Cuthbert Law Offices, P.C.
220 North Sycamore Street
Petersburg, VA 23803-3228
Telephone: 804-733-3100
ccuthbert@cuthbertlaw.com
rcuthbert@cuthbertlaw.com
*Counsel for Plaintiff*

Mark J. Krudys (VSB No. 30718)
Daniel Guinnane Zemel (VSB No. 95073)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA 23219
Telephone: 804-774-7950
mkrudys@krudys.com
dzemel@krudys.com
*Counsel for Plaintiff*

Alexander Francuzenko (VSB No. 36510)
Philip C. Krone (VSB No. 87723)
Dunn Craig Francuzenko
3251 Blenheim Blvd., Suite 404
Fairfax, VA 22030
Telephone: 703-856-7480
alex@dunncraig.com
pkrone@dunncraig.com
*Counsel for PestNow of Central Va, LLC*

*/s/ Joseph P. Moriarty*
Joseph P. Moriarty (VSB No. 68465)
Kevin M. Kennedy (VSB No. 75071)
Bryn L. Clegg (VSB No. 96923)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
Telephone: (757) 628-5500
jmoriarty@wilsav.com
kkennedy@wilsav.com
bclegg@wilsav.com
*Counsel for Jason Keen and
Pinetree Apartments LLC*

12

I-3074533.1