IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NYEISHA S. GHEE,

  Plaintiff,

v.            Civil Action No.: 3:25-cv-17-RCY

PINETREE APARTMENTS, LLC,

  Defendant.

## KEEN'S OBJECTIONS AND RESPONSES TO SUBPOENA AND PRIVILEGE LOG

Non-Party Jason Keen ("Keen"), by counsel, hereby provides his objections and responses to Plaintiff's *Subpoena Duces Tecum*, signed May 6, 2026 (the "Subpoena"), as well as his Privilege Log for documents withheld from production on the grounds of privilege.

## OBJECTIONS AND RESPONSES

Keen objects to the Subpoena because Keen is an individual employee, rather than the entity (Sedgwick). Keen further states the following objections:

1. Keen objects to the extent any of the Topics impose requirements on him that exceed those imposed by the Federal Rules of Civil Procedure.

2. Keen objects to the extent that any Topic seeks information or materials that are protected from discovery by the attorney-client privilege, the work-product doctrine, the attorney-expert privilege, the joint defense privilege, or any other applicable privilege, or information or materials that were prepared in anticipation of litigation.

Specific objections and responses to the Topics are set forth below. Keen also incorporates the Motion to Quash, which is filed this day.

        ***

I-3074834.1

**EXHIBIT B**

TOPIC 1: The digital photograph, in .jpg format, corresponding to the attached photocopy of a photograph, Bates number G-SDT-BLUSKY000037.1. The photograph in question depicts the back of Building G of Pinetree Apartments in Petersburg, VA and was taken after February 20, 2024. It may be that the photograph in question is in the Sedgwick file dealing with Claim Number DAL24708220.

**Response: None in Keen's possession.**

***

TOPIC 2: Each policy of insurance associated with DAL24708220.

**Objection: See Motion to Quash and for Protective Order.**

**Response: Any access that Keen/Sedgwick has to insurance policies would be as a steward (i.e., not as an owner or with full rights), and thus Keen asserts that there are none in Keen's control.**

***

TOPIC 3: Each premium bill sent after 2020 and before 2025 on account of casualty insurance applicable to Pinetree Apartments, 3100 Pinetree Dr., Petersburg, VA on February 20, 2024.

**Objection: See Motion to Quash and for Protective Order.**

**Response: Any access that Keen/Sedgwick has to insurance premium payment records would be as a steward (i.e., not as an owner or with full rights), and thus Keen asserts that there are none in Keen's control.**

***

TOPIC 4: Each Document evidencing a premium payment received after 2020 and before 2025 on account of casualty insurance applicable to Pinetree Apartments, 3100 Pinetree Drive, Petersburg, VA. This includes but is not limited to digital images of checks, ledger entries, bank account entries, and notifications of payments made.

**Objection: See Motion to Quash and for Protective Order.**

**Response: Any access that Keen/Sedgwick has to insurance premium payment records would be as a steward (i.e., not as an owner or with full rights), and thus Keen asserts that there are none in Keen's control.**

***

2

I-3074834.1

TOPIC 5: Each Document sent after 2020 to the named insured, mentioning, dealing with, or concerning Pinetree Apartments, 3100 Pinetree Drive, Petersburg, VA.

**Objection: See Motion to Quash and for Protective Order.  Keen objects to the extent the Topic seeks information or materials that are protected from discovery by the attorney-client privilege, the work-product doctrine, the attorney-expert privilege, the joint defense privilege, or any other applicable privilege, or information or materials that were prepared in anticipation of litigation. Keen further objects on the undue burden as the request seeks sweeping, generic documents rather than targeted, relevant information.**

**Response: Subject to and without waiving objections, see attached.**

***

TOPIC 6: Each Document received after 2020 from the named insured or on its behalf, mentioning, dealing with, or concerning Pinetree Apartments, 3100 Pinetree Drive, Petersburg, VA. This includes but is not limited to notices of loss. Excluded are Documents received from BlueSky.

**Objection: See Motion to Quash and for Protective Order.  Keen objects to the extent the Topic seeks information or materials that are protected from discovery by the attorney-client privilege, the work-product doctrine, the attorney-expert privilege, the joint defense privilege, or any other applicable privilege, or information or materials that were prepared in anticipation of litigation. Keen further objects on the undue burden as the request seeks sweeping, generic documents rather than targeted, relevant information. Keen further objects to the term "on its behalf" as vague and unclear.**

**Response: Subject to and without waiving objections, see attached.**

***

TOPIC 7: Each Document sent after 2020 to Beachwold Residential LLC or to an Affiliated Entity of Beachwold Residential, LLC, mentioning, dealing with, or concerning Pinetree Apartments, 3100 Pinetree Drive, Petersburg, VA.

**Objection: See Motion to Quash and for Protective Order.  Keen objects to the extent the Topic seeks information or materials that are protected from discovery by the attorney-client privilege, the work-product doctrine, the attorney-expert privilege, the joint defense privilege, or any other applicable privilege, or information or materials that were prepared in anticipation of litigation. Keen further objects on the undue burden as the request seeks sweeping, generic documents rather than targeted, relevant information.**

**Response: Subject to and without waiving objections, see attached.**

***

3

TOPIC 8: Each Document received after 2020 from Beachwold Residential LLC or from an Affiliated Entity of Beachwold LLC, mentioning, dealing with, or concerning Pinetree Apartments, 3100 Pinetree Drive, Petersburg, VA.

**Objection: See Motion to Quash and for Protective Order.  Keen objects to the extent the Topic seeks information or materials that are protected from discovery by the attorney-client privilege, the work-product doctrine, the attorney-expert privilege, the joint defense privilege, or any other applicable privilege, or information or materials that were prepared in anticipation of litigation. Keen further objects on the undue burden as the request seeks sweeping, generic documents rather than targeted, relevant information.**

**Response: Subject to and without waiving objections, see attached.**

**PRIVILEGE LOG**

Non-Party Jason Keen ("Keen"), by counsel, hereby identifies and describes the nature of the documents and tangible things for which it asserts a privilege or protection in response to the Subpoena. In support of Keen's assertions of privilege, as discussed below, Keen states the following:

1. Keen was notified of the subject fire on February 20, 2024 (the "Fire"), giving rise to Plaintiff's Complaint and subsequent lawsuit (the "Lawsuit") at approximately 6:54 am on February 20, 2024.

2. Keen was notified about the Fire in his capacity as Executive General Adjuster for Sedgwick Claims Management Services, Inc.

3. Pinetree Apartments, LLC ("Pinetree"), had engaged Sedgwick Claims Management Services, Inc.

4. In his role as Executive General Adjuster, Keen was responsible for evaluating potential subrogation claims against any third parties relating to the property damage and loss ("Other Claims").

5. Under Virginia law, the scope of the work product doctrine is not claim-specific, but the privilege attaches to the communication itself. Keen asserts that all correspondence,

4

I-3074834.1

documents, letters, emails, reports, and other documents pertaining to the Fire and/or the Other Claims are protected under the work product doctrine and were prepared in anticipation of litigation. *See Harris v. Skyhook Corp.*, 8 Va. Cir. 307, 309 (1987) ("Whether the material was prepared for the plaintiff and for this case is not dispositive. . . . The Virginia rule expands the rule to protect the 'work product' of consultants, sureties, indemnitors, insurers or agents. The objectives of the rule also apply to material prepared in anticipation of litigation by those who may not be parties to the present action.").

The following documents are protected from production:

| Description of Document | Date | Type of Privilege Claimed |
|---|---|---|
| Investigation report completed by Jet Thomas, Regional General Adjuster, Sedgwick, relating to the Fire and/or Other Claims. | 2/20/2024 | Prepared in anticipation and/or in the course of litigation; work product doctrine. |
| Initial field investigation report and other documents completed by Bobby Miner (J.S. Held) regarding the Fire and/or Other Claims. | 2/22/2024 | Prepared in anticipation and/or in the course of litigation; work product doctrine. |
| Keen's reports to the Insurance Market[1] on the Fire and/or Other Claims. | 3/14/2024; 4/30/2024; 8/19/2024; 1/2/2025; 3/5/2025 | Prepared in anticipation and/or in the course of litigation; work product doctrine. |
| Correspondence, letters, emails, and other communications between Jason Keen, Sedgwick personnel, and/or Beachwold Residential personnel (including but not limited to Theresa Purcell) regarding the information contained in the reports to the Insurance Market. | Various Dates | Prepared in anticipation and/or in the course of litigation; work product doctrine. |
| Correspondence, letters, emails, and other communications between Jason Keen and | Various Dates | Prepared in anticipation and/or in the course of |

---

[1] The term "Insurance Market" is used as a defined term in this privilege log and refers to the insurance carriers who afford coverage to Pinetree Apartments, LLC, and/or affiliated entities. This Privilege Log does not define the names of the insurance carriers in the Insurance Market and/or their employees because revealing the names of the insurance carriers would circumvent Pinetree and Keen's objections and Motion to Quash that the insurance information is outside of the scope of Rule 26.

I-3074834.1

| | | |
|---|---|---|
| Sedgwick personnel relating to the Fire and/or Other Claims. | | litigation; work product doctrine. |
| Correspondence, letters, emails, and other communications between Jason Keen and/or Sedgwick personnel and/or Beachwold Residential personnel (including but not limited to Theresa Purcell and Rob Glass) relating to the Fire and/or Other Claims. | Various Dates | Prepared in anticipation and/or in the course of litigation; work product doctrine. |
| Inspection documents, materials, reports, memos, emails, letters, and other documents pertaining to any inspection or expert evaluation of the Pinetree Apartments conducted by Sedgwick and/or Sedgwick's retained experts relating to the Fire and/or Other Claims, including retained work product from work performed by David Throckmorton/Fire Technology Consultants; J.S. Held/Bobby Miner; Buchanan Clarke Schlader (BCS); Applied Laboratory Services; Mark Spangler Architecture; Safe Labs; Lynnhaven Engineering. | Various Dates | Prepared in anticipation and/or in the course of litigation; work product doctrine. |
| Correspondence, letters, emails, and other communications between Jason Keen and/or Sedgwick personnel and/or third-party contractors relating to the Fire and/or Other Claims. | Various Dates | Prepared in anticipation and/or in the course of litigation; work product doctrine. |
| Correspondence, letters, emails, and other communications between Jason Keen and/or Sedgwick personnel and/or the Insurance Market relating to the Fire and/or Other Claims. | Various Dates | Prepared in anticipation and/or in the course of litigation; work product doctrine. |
| Correspondence, letters, emails, and other communications between Jason Keen and/or Sedgwick personnel and/or Beachwold Residential personnel (including but not limited to Theresa Purcell and Rob Glass) and/or the Insurance Market relating to the Fire and/or Other Claims. | Various Dates | Prepared in anticipation and/or in the course of litigation; work product doctrine. |

**Jason Keen reserves the right to supplement this Privilege Log.**

JASON KEEN

By: _____

Of Counsel

Joseph P. Moriarty (VSB No. 68465)

6

Kevin M. Kennedy (VSB No. 75071)
Bryn L. Clegg (VSB No. 96923)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
Telephone: (757) 628-5500
jmoriarty@wilsav.com
kkennedy@wilsav.com
bclegg@wilsav.com
*Counsel for Jason Keen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via electronic mail this 1st day of June, 2026 to:

Charles H Cuthbert, Jr. (VSB No. 14519)
Richard M. Cuthbert (VSB No. 82025)
Cuthbert Law Offices, P.C.
220 North Sycamore Street
Petersburg, VA 23803-3228
Telephone: 804-733-3100
ccuthbert@cuthbertlaw.com
rcuthbert@cuthbertlaw.com
*Counsel for Plaintiff*

Mark J. Krudys (VSB No. 30718)
Daniel Guinnane Zemel (VSB No. 95073)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA 23219
Telephone: 804-774-7950
mkrudys@krudys.com
dzemel@krudys.com
*Counsel for Plaintiff*

Alexander Francuzenko (VSB No. 36510)
Philip C. Krone (VSB No. 87723)
Dunn Craig Francuzenko
3251 Blenheim Blvd., Suite 404
Fairfax, VA 22030
Telephone: 703-856-7480
alex@dunncraig.com
pkrone@dunncraig.com
*Counsel for PestNow of Central Va, LLC*

7

I-3074834.1