IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NYEISHA S. GHEE,

      Plaintiff,

v.                                 Civil Action No.: 3:25-cv-17-RCY

PINETREE APARTMENTS, LLC,

      Defendant.

**REPLY BRIEF IN SUPPORT OF PINETREE AND JASON KEEN'S
MOTION TO QUASH PLAINTIFF'S *SUBPOENA DUCES TECUM* AND
<u>MOTION FOR A PROTECTIVE ORDER</u>**

NOW COME Pinetree Apartments, LLC ("Pinetree") and Non-Party Jason Keen ("Keen,"

collectively with Pinetree, "Movants"), by counsel, and hereby submit this Reply Brief in Support

of their Motion to Quash Plaintiff's *subpoena duces tecum* request for certain documents and

materials (the "Subpoena") and for a Protective Order.[1]

## I.     <u>INTRODUCTION</u>

Plaintiff argues that her Subpoena is relevant because it goes to issues of control, but the

issue of control is not before the Court. Plaintiff's proposed Third Amended Complaint (the only

pleading raising the alleged control issue) has not been entered by this Court, making such

arguments facially irrelevant. Plaintiff has also issued the Subpoena with the clear intent to obtain

---

[1] This Brief was originally filed on June 15, 2026 (ECF No. 63) and is being refiled because of the Notice of Correction received on June 16, 2026. This is not a new Motion for a Protective Order but is a Reply Brief in Support of the previously filed Motion for a Protective Order, which was filed on June 1, 2026 (ECF No. 60). The only changes are that the heading now starts with "Reply Brief" instead of "Memorandum in Support" and the signatory is now Bryn Clegg. This Reply Brief is filed pursuant to Local Rule 7(F) as a reply brief and responds to the Plaintiff's Opposition (ECF No. 62).

I-3083147.1

insurance coverage information, to the extent it exists, above the *ad damnum* in the Complaint and in excess of what is permitted under Rule 26. The requested information also does not belong to Keen, who only possesses information incidental to his role as an employee of a third-party insurance adjuster, an entity that does not even provide insurance coverage directly. Plaintiff's Subpoena is facially irrelevant, has not been tailored (as is her own burden), and should be quashed by this Court.

## II.    ARGUMENT

### A.  Insurance Information Cannot Be Relevant to Any Alleged Control Issues Because Pinetree Apartments, LLC, is the Only Named Defendant in this Action.

Plaintiff bases her opposition on the argument that more entities than just Pinetree Apartments, LLC, are defendants in this action – but this is not true. *See* Pl's Opp. (ECF No. 62, at 1) ("The TAC names ten additional defendants …"). Contrary to Plaintiff's assertion, the Court has not yet ruled whether any of the entities that Plaintiff has attempted to add in the Third Amended Complaint may properly be added as defendants in this matter. The Court's most recent Order in this case pertaining to this issue noted that the Court was considering "which pleading shall be the operative Complaint moving forward." (ECF No. 57) (emphasis added). In the current procedural posture, none of the listed entities are named defendants. Plaintiff tries to slide over this issue by *calling* the Third Amended Complaint the "operative" Complaint, but the Court has made no ruling granting the Plaintiff leave to amend. *See id.* A party can only amend under Rule 15 with the leave of Court. *See* Fed. R. Civ. P. 15(a)(2) ("…a party may amend its pleading only with the opposing party's written consent or the court's leave."). Defendant has opposed Plaintiff's Motion for Leave to Amend. (ECF No. 55).

Until the Court rules upon that Motion (and only if the Court rules in Plaintiff's favor), the alleged issues in the Plaintiff's Opposition cannot be relevant. Relevance requires that a fact be

2

"of consequence in determining the action." *See* Fed. R. Evid. 401(b). The question that Plaintiff claims is a "contested question" in the case – the question of "who owned and operated the complex" – is simply not at issue. (ECF No. 62, at 4). Defendants have opposed the propriety of even investigating this issue at this stage because Plaintiff's attempts to pierce the corporate veil do not become relevant until *after* Plaintiff obtains a judgment against Pinetree Apartments, LLC (if she does so). *See Bennett v. Garner*, 913 F.3d 436, 443 (4th Cir. 2019) (quoting *Dana v. 313 Freemason, A Condo. Ass'n*, 266 Va. 491 (2003)); *see also* Defendants' Opposition to Plaintiff's Leave to Amend (ECF No. 55, at 25-26). The doctrine of piercing the corporate veil only exists so that a plaintiff might recover against an entity that is seeking to avoid financial responsibility for an entered judgment by hiding behind corporate formalities – and Plaintiff has not obtained any judgment. This information is facially irrelevant and cannot be subpoenaed.

Even if control were an operative issue – which is denied – insurance information will never be a key piece of evidence showing control of the complex. The basic rule under Federal Rule of Evidence 411 is that liability insurance is generally inadmissible to prove negligence or wrongful conduct. *See* Fed. R. Evid. 411. While there is a small exception for showing control, it still must be excluded if the probative value of the evidence is substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. Insurance information is typically always excluded as unfairly prejudicial. *See, e.g.*, *Patterson v. Nw. Hosp. Ctr.*, No. RDB-22-3183, 2025 U.S. Dist. LEXIS 77815, *8 (D. Md. Apr. 24, 2025) (observing that while Rule 411 might allow insurance to show ownership and control, "Rule 403 mandates its exclusion, as the document's probative value is substantially outweighed by the prejudice"). Further, Plaintiff has not yet pursued any alternative, less-prejudicial avenue to obtaining evidence relevant to control between the alleged

entities because, again, Plaintiff's proposed Third Amended Complaint has not been entered and is not operative, and any discovery of the alleged control issues is premature.

If "control" were the only issue Plaintiff was pursuing with this subpoena, Plaintiff already has information about the insurance policy configuration, as she pled in her proposed Third Amended Complaint. *See* Pl's TAC ¶ 126(d) (ECF No. 52, at 39) ("… the insurance coverage known to Plaintiff – including both primary and umbrella coverage – lists South Oxford as the first named insured. Beachwold Residential and Beachwold Holdings are also named insureds by endorsement."). If Plaintiff were solely interested in the issue of control, Plaintiff already has the information for which she is looking: she has policies that she alleges show "connections between Pinetree, Clearfield, Beachwold Holdings, Beachwold Partners, [and] Beachwold Residential."[2] *See id.* Furthermore, there is nothing wrong with covering multiple affiliated entities under one insurance policy, which is a very common corporate practice to simplify administration. It does not act to establish control over other entities.

Neither do the specific items requested in the Subpoena go to the issue of control. For example, Plaintiff has requested the amounts of the coverage, premium bills, premium payments, and other information clearly targeted at understanding the dollar-specific figure of any potential insurance coverage agreements. *See* Topics 2-4. If Courts find the mere reference to the existence of insurance prejudicial, how much more prejudicial is information about the specific amounts of coverage? *See Patterson*, 2025 U.S. Dist. LEXIS 77815, *5 (questioning plaintiff's assertion that control was an issue and noting that insurance information was "of questionable probative value or relevance and is often prejudicial"). Courts are well aware of this risk:

---

[2] Defendants maintain that this is not relevant and do not make any admissions of allegations in the pending Third Amended Complaint.

I-3083147.1

> The prohibition in Rule 411 is based on the assumption that jurors who are informed about the insurance status of a party may find that party liable only because the liability will be cost-free to the party, or that jurors will increase the amount of damages in that only an insurance company will be affected adversely.

*Nutter v. Marteney*, No. 2:23-cv-00365, 2024 U.S. Dist. LEXIS 162687, \*12 (S.D. W. Va. Sept. 10, 2024) (quoting *Reed v. Wimmer*, 195 W. Va. 199, 205) (1995)) (discussing Rule 411 of the West Virginia Rules of Evidence that "mirrors that of the Fourth Circuit"). It does not take a leap of imagination to believe that Plaintiff would attempt to introduce specific insurance amounts to provide an anchor to a jury regarding the ultimate damages award under the guise of a "control" argument. The Court should quash the subpoena.

**B.   Rule 26 Does Not Permit Discovery of Insurance Information Beyond the *Ad Damnum*.**

It is clear that "control" is not the main reason that Plaintiff is pursuing insurance information so heavily at this stage. Plaintiff's reference later in her Opposition to seeking insurance above the *ad damnum* makes it evident this is nothing more than a fishing expedition to determine the amount of insurance that might be available to Pinetree Apartments, LLC. *See* Pl.'s Opp. (ECF No. 62, at 7). This should be denied outright by the Court as the insurance information is not discoverable under the actual operative Complaint. *See* Fed. R. Civ. P. 26(a)(1)(A)(iv). The plain text of Rule 26 ties the discoverability of insurance information to the amount that the plaintiff can possibly recover:

> any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Rule 26(a)(1)(A)(iv). It is black-letter law that a plaintiff cannot recover more than the *ad damnum* in the Complaint:

> **It is elementary that one cannot recover a greater amount than he sets out or claims in an action brought by him.** ... This concept is grounded in the notion that the plaintiff ought to know what are the damages he has sustained, and if he claims none, he cannot say that he has sustained any.

I-3083147.1

*Lee v. Spoden*, 290 Va. 235, 253 (2015) (quoting *West v. Anderson*, 186 Va. 554, 563 (1947); then

quoting *Stephens v. White*, 2 Va. 203, 212 (1796)) (cleaned up) (emphasis added); *see also Powell*

*v. Sears, Roebuck & Co.*, 231 Va. 464, 469 (1986) ("The question is whether a jury can properly

return a verdict in excess of the amount sued for. The answer is no. In Virginia, a plaintiff cannot

recover more than he sues for though he can recover less." (citing *Hooks v. Turnbull*, 10 Va. (6

Call) 85 (1806)); *Smith v. McLaughlin*, 289 Va. 241, 270 (2015) ("[A] plaintiff may not request

from the jury, in either opening statement or closing argument, an amount of damages that exceeds

the amount of the plaintiff's ad damnum."). The *ad damnum* is the limit of the amount for which

Plaintiff can collect a judgment, and thus the *ad damnum* is the limit for which Plaintiff can obtain

information under Rule 26.

Plaintiff tries to characterize Rule 26 as a "floor, not a ceiling," but Rule 26 was drafted to

provide plaintiffs will relevant coverage information that otherwise would be facially irrelevant.

*See* Fed. R. Evid. 411. Essentially, the purpose of Rule 26 is to support settlement:

> The Advisory Committee Notes to the 1970 Amendments point out that disclosure
> of insurance coverage will enable counsel for both sides to make the same realistic
> appraisal of the case, so that settlement and litigation strategy are based on
> knowledge and not speculation. The purpose of the inclusion of insurance policies
> is to conduce settlement and avoid protracted litigation. … Disclosure is required
> when the insurer may be liable on part or all of the judgment. Similarly, the
> Advisory Committee's Notes to the 1993 Amendments to Rule 26 state that the
> initial disclosures serve to provide parties with certain basic information, including
> the existence of insurance, which is needed in most cases to prepare for trial *or to*
> *make an informed decision about settlement*.

*Turubchuk v. E.T. Simonds Constr. Co.*, No. 12-CV-594, 2017 U.S. Dist. LEXIS 15574, *15 (S.D.

Ill. Feb. 3, 2017) (cleaned up) (quoting citations removed) (emphasis added). There is no reason

that an insurance carrier would settle a claim for <u>more than</u> the *ad damnum* of the Complaint,

which is the maximum that Plaintiff can recover at a jury trial. *See Lee*, 290 Va. at 253. Plaintiff

also attempts to claim that additional carriers who do *not* have exposure would also have a "dog

6

in the fight," but that is false. *See* Pl.'s Opp. (ECF No. 62, at 6). No additional insurance carrier, to the extent that such exists, who lacks exposure has any interest in this case. There are no settlement gains to be had by disclosing insurance policy information, to the extent it exists, beyond the *ad damnum* of an operative Complaint.

There is, however, real risk that if the Court mandates disclosure of the requested insurance information, the Plaintiff will move to increase the *ad damnum* – not because the damages have changed, but in bad faith based on the perceived amount of insurance coverage available. *See Echols v. CSX Transp., Inc.*, No. 3:16CV294, 2017 U.S. Dist. LEXIS 90851, *12 (E.D. Va. June 12, 2017) ("… bad faith includes seeking to amend a complaint for an improper purpose…" (cleaned up) (citing *Wilkins v. Wells Fargo Bank, N.A.*, No. 2:15-cv-566 (E.D. Va. Mar. 8, 2017)). Plaintiff's damages, if any, simply are what they are, and they do not change by reference to available insurance coverage. *See Lee*, 290 Va. at 253. That is, a plaintiff's damages from an alleged tort do not increase because more insurance coverage becomes available. Courts have found bad faith when amendments are shown to "be abusive or made in order to secure some ulterior tactical advantage." *GSS Properties, Inc. v. Kendale Shopping Center, Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988). Plaintiff's preview in her Opposition that she is attempting to find "additional liability carriers," (ECF No. 62, at 6), supports that her motives here are "either [to] attempt[] to force defendant to settle or [to] punish[] defendant for failure to settle." *Id.* The Court should not indulge Plaintiff's blatant attempt to harass Pinetree regarding the availability of insurance coverage beyond Plaintiff's maximum recoverable damages.

**C. Insurance Information Pertaining to Pinetree Apartments, LLC, Does Not Belong to Keen but to the Parties to the Contract.**

Plaintiff argues that the insurance information in Sedgwick's file is under Keen's control because he "assembled" the file – but as Plaintiff notes, Keen did so while adjusting a claim on

7

I-3083147.1

behalf of Pinetree. *See* Pl.'s Opp. (ECF No. 62, at 8). The insurance information does not belong to individual Sedgwick employee Jason Keen. Keen was not a party to the insurance agreements between the insured and insurer. He is not a beneficiary of the insurance agreements between insured and insurer. Keen did not draft the insurance policies, which were not "created" by Sedgwick. *See id.* Keen's possession of any insurance information, to the extent he has access to it, is in fact incidental to his role as an adjuster. This information is not in Keen's control.

Plaintiff argues that she cannot obtain the information from Pinetree because Pinetree has no employees. *See* (ECF No. 62, at 6). **Not having employees does not mean that a party lacks discoverable information and does not participate in discovery!** Such an argument is nonsensical. Pinetree has participated in discovery and has been transparent with Plaintiff's counsel that any discovery requests to Pinetree would garner *the same information and documents* possessed by the other entities because the information is kept on the same servers. *See* Pl.'s TAC ¶ 129(c) (ECF No. 52) (it is Pinetree's transparency on this topic that led to Plaintiff alleging that "there was a single server for all file material across entities," although Pinetree disputes that this allegation is relevant to any issues in this case). Further, Plaintiff's Opposition continue to press the false narrative that Pinetree is an empty shell, referencing the proposed Third Amended Complaint's false allegation that Pinetree has refused to provide management agreements between the entities. (ECF No. 62, at 7). As Pinetree pointed out in its Opposition to the Leave to Amend:

> Strangely, Plaintiff claims that she does not have a copy of the agreement between South Oxford and Pinetree. . . This agreement **was produced with Pinetree's first production in July 2025** as PINETREE001183 (Confidential).

(ECF No. 55, at 26 n.13) (emphasis added); *see also* Exhibit K (ECF No. 55-11). Pinetree specifically pointed out that Plaintiff's allegation that Pinetree has not provided management

I-3083147.1

agreements in discovery is false. Plaintiff's reiteration of the <u>same argument</u> once again to the Court appears to show a willful desire to mislead the Court.

Plaintiff readily acknowledges that Pinetree has provided insurance up to the *ad damnum* amount. *See* Pl.'s Opp. (ECF No. 62, at 7) ("Pinetree has objected to producing insurance information <u>beyond the ad damnum</u> ...." (emphasis added)). Plaintiff is not entitled to any insurance information beyond the *ad damnum*. *See supra.* Further, Pinetree can object to the production: Pinetree has a "personal right or privilege in the information sought by the subpoena" because it is Pinetree's confidential information. *See Eichenwald v. Rivello*, 321 F. Supp. 3d 562, 564 (D. Md. July 5, 2018) (citations omitted); *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, No. PJM-22-2369, 2024 U.S. Dist. LEXIS 193094, *10 (D. Md. Oct. 23, 2024) (noting the party has standing when "the party claims some personal right or privilege in the information sought by the subpoena"). Even if Plaintiff attempts to parse hairs and claims that the insurance agreements and other requested information might belong to other associated entities rather than Pinetree Apartments, LLC, uniquely,[3] the undersigned counsel also represents the other proposed named defendants, and such entities are equally in objection to the production of their confidential information. *See* Case No. 3:26-cv-158 (noting that undersigned also represents Pinetree Apartments, LLC; Beachwold Holdings, LLC; Beachwold Residential, LLC; and South Oxford Management, LLC). Plaintiff's repeated claims that Pinetree "has no employees" continues to be irrelevant to the actual issues raised in this Motion and requested in the Subpoena.

Plaintiff's argument that Keen has a dog in the fight is also false. *See* (ECF No. 62, at 7). Keen is a third-party adjuster only, and Sedgwick is not Pinetree's insurance carrier. Even if

---

[3] As noted previously, the server for Pinetree Apartments, LLC's electronic storage is the same as for the other represented defendants.

Plaintiff ultimately obtained a judgment against Pinetree for her allegations in this lawsuit, Sedgwick would not be issuing a check for the amount of the judgment. By definition, Sedgwick is not a party – and individual employee Jason Keen certainly is not. *Consumer Fin. Prot. Bureau v. Nexus Servs.*, No. 5:21-cv-00016, 2022 U.S. Dist. LEXIS 90308, at *25 n.6 (W.D. Va. May 19, 2022). Keen was Pinetree's adjuster regarding the property damage only, and Keen has no interest in the outcome of Plaintiff's personal injury claim.

Plaintiff also claims that Keen has made an inadequate showing of burden because there is no affidavit from Keen attached to the Motion, but Plaintiff forgets that the proportionality analysis looks at relevance first. *See* Fed. R. Civ. P. 45(d)(1). As stated in *Cook v. Howard*, "[r]elevance is thus the foundation for any request for production, regardless of the individual to whom a request is made." 484 Fed. Appx. 805, 812 (4th Cir. 2012). There is simply no showing whatsoever of relevance for the requested information. *See supra.* Thus, any request that Keen sort through his file is overly burdensome, regardless of additional details that Keen could provide (i.e., number of hours, volume of file). As the relevance issue stands, Keen should not be obligated to expend effort in responding to the Subpoena. Further, it is Plaintiff's burden to narrowly tailor the subpoena to relevance before issuing the subpoena:

> Another type of burden arises when a subpoena is overbroad – that is, when it seeks information beyond what a requesting party reasonably requires. **A nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs; the requesting party should have done that before serving it.**

*Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 190 (4th Cir. 2019) (emphasis added) (citations omitted). The hypotheticals contained in the Motion (including that the Subpoena requests building repairs and costs; business income loss claims; and relocation of tenants – which were all issues pertaining to the extensive property damage at Pinetree Apartments after the Fire) both thus show

I-3083147.1

(1) that the file material is voluminous; and (2) that Plaintiff has made zero effort to tailor the Subpoena to relevant issues, which is her burden. The Court should quash the Subpoena.

**D. Plaintiff's Miscellaneous Other Arguments Cannot Be Addressed at this Time.**

Plaintiff makes additional arguments pertaining to overbreadth and the work product / privilege issues, but in the same breadth offers various limitations and requests the opportunity to discuss with opposing counsel.[4] Plaintiff also indicates that she may file an additional motion. *See* Pl.'s Opp. (ECF No. 62, at 11). As these issues are therefore not ripe, Keen, Pinetree, and all entities represented by the undersigned reserve all arguments and defenses for future motions and/or oral argument.

### III.    CONCLUSION

WHEREFORE, for the foregoing reasons, for the reasons stated in opening briefing, and for any reasons raised at any hearing on this matter, Non-Party Jason Keen, and Defendant Pinetree Apartments, LLC, MOVE TO QUASH the Plaintiff's subpoena, request a PROTECTIVE ORDER, and request all other relief that this Court deems just and equitable.

**JASON KEEN and PINETREE APARTMENTS, LLC**

By:    */s/ Bryn L. Clegg*
    Joseph P. Moriarty (VSB No. 68465)
    Kevin M. Kennedy (VSB No. 75071)
    Bryn L. Clegg (VSB No. 96923)
    WILLCOX & SAVAGE, P.C.
    440 Monticello Avenue, Suite 2200
    Norfolk, Virginia 23510-2243
    Telephone: (757) 628-5500
    jmoriarty@wilsav.com
    kkennedy@wilsav.com
    bclegg@wilsav.com

---

[4] The undersigned notified Plaintiff's counsel prior to filing the motion but were informed only that counsel was "not in a position to withdraw the subpoena served on Sedgwick."

I-3083147.1

*Counsel for Jason Keen and*
*Pinetree Apartments LLC*

12

I-3083147.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2026,[5] I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Charles H Cuthbert, Jr. (VSB No. 14519)
Richard M. Cuthbert (VSB No. 82025)
Cuthbert Law Offices, P.C.
220 North Sycamore Street
Petersburg, VA 23803-3228
Telephone: 804-733-3100
ccuthbert@cuthbertlaw.com
rcuthbert@cuthbertlaw.com
*Counsel for Plaintiff*

Mark J. Krudys (VSB No. 30718)
Daniel Guinnane Zemel (VSB No. 95073)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA 23219
Telephone: 804-774-7950
mkrudys@krudys.com
dzemel@krudys.com
*Counsel for Plaintiff*

Alexander Francuzenko (VSB No. 36510)
Philip C. Krone (VSB No. 87723)
Dunn Craig Francuzenko
3251 Blenheim Blvd., Suite 404
Fairfax, VA 22030
Telephone: 703-856-7480
alex@dunncraig.com
pkrone@dunncraig.com
*Counsel for PestNow of Central Va, LLC*

*/s/ Bryn L. Clegg*
Joseph P. Moriarty (VSB No. 68465)
Kevin M. Kennedy (VSB No. 75071)
Bryn L. Clegg (VSB No. 96923)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
Telephone: (757) 628-5500
jmoriarty@wilsav.com
kkennedy@wilsav.com
bclegg@wilsav.com
*Counsel for Jason Keen and*
*Pinetree Apartments LLC*

---

[5] See *supra* note 1.

I-3083147.1